COUNTY OF LEWIS vs. TATE.

A collector, who has collected and paid over to the county, taxes assessed at a rate higher than that allowed by law, is not liable for the excess to the tax payers, nor can he recover back the excess so paid over, from the county.

## ERROR to Lewis Circuit Court.

ELLISON, *for Plaintiff in error, insists :*

The first instruction asked by defendant below, should have been given: because there is no evidence, even tending to show a promise by defendant to plaintiff.

The second instruction of defendant should also have been given. The evidence showed the jury might find those facts, and from them the law would not raise a promise to pay.

The third and fourth instructions of defendant, are in substance the same, and should have been given. A demand before suit is certainly necessary. *Elliott vs. Swartwout,* 10 Peters Rep., 137; Leighs *Nisi Prius,* title, money had and received.

LEONARD & BAY, *for Defendant in error, insist:*

The plaintiff is entitled to recover from the county the amount overpaid. The money was paid to the county under a mistake of fact, and without any fault of plaintiff. The mistake indeed, is solely attributable to the county. Preston vs. Boston, 9 Pick., 7; Perry vs. Dover, 12 Pick., 215; O'Fallon vs. Boismesnel, 3 Mo. R., 287; R. S. 1835, Title Revenue, p. 533, sec. 23; p. 534, sec. 33; p. 536, secs. 8, 9, 10; p. 538, sec. 29; p. 540, sec. 2.

NAPTON, J., *delivered the opinion of the Court.*

Tate brought an action of assumpsit against Lewis county, under the following circumstances. The revenue law of 1842--3, authorized an increase of tax from 1-8 to 1-6 per cent. on the assessed value of property, but not to take effect until 1844. The assessor of Lewis county, under the belief that the law was then in force, assessed the revenue for 1843 at one-sixth of one per cent, and returned his tax book to the County Court. This Court having corrected the tax book, as by law they were directed to do, and having levied the county tax at 100 per cent upon the State tax, caused the tax book to be placed in the hands of the plaintiff, Tate, who was collector of the county. The plaintiff proceeded to collect both State and county taxes, and having paid over, into the county treasury all the taxes due the county, after the usual deductions, had a settlement with the accounting officers of the State. In that settlement,

it seems the Auditor of Public Accounts allowed the collector to retain $515 11, money collected for the State, that being the difference between one-sixth and one-eighth per cent upon the assessed value of the taxable property of Lewis county. And this suit was brought to recover of the county, the difference between one-sixth and one-eighth per cent, collected for the county and paid into the county treasury.

Upon the trial, the Circuit Court instructed the jury, that if the defendant had received money from the plaintiff, which in equity and good conscience belonged to the plaintiff, he, (the plaintiff,) was entitled to a verdict for the amount so received; that if the sheriff had collected money illegally, he was bound to refund such money, and if paid over to the defendant, he is entitled to receive it back; that if the County Court laid the county levy at the rate with the State tax for 1843, which for that year was one eighth of one per cent., and if, through mistake, the sheriff paid one-sixth of one per cent. he is entitled to recover one-fourth of the sum so paid.

The defendant asked several instructions, declaring in substance, the irresponsibility of the defendant, under the facts of the case, which were refused.

A verdict and judgment was given for the plaintiff and exceptions duly saved to the opinion of the court.

We are clearly of opinion, that upon the facts detailed in the bill of exceptions, this action cannot be maintained. The only ground on which such an action could be maintained, is the assumed liability of the collector to the tax payers. No principle is better established by repeated adjudications, of the most respectable tribunals, than the entire exemption from responsibility on the part of the agent, in a case like this.— The taxes assessed by the assessor, and sanctioned by the County Court, were collected from the citizens, without any objection on their part at the time of collection, and with no subsequent notice not to pay over to the county. The money thus collected was paid over into the county treasury. Whatever may be the liability of the county, and of this we are not authorized to give any opinion, it is clear that the collector is not liable. Where money is paid to an agent, for the purpose of being paid over to his principal, and is actually paid over, no suit will lie against the agent to recover it back. Hearsey vs. Payne, 7 Johns. R., 182; Fry vs. Lockwood, 4 Cow., R., 454; Ripley vs. Gelston, 9 Johns. R., 201; United States vs. Buford, 3 Peters R., 201; Elliott vs. Swartwout, 10 Peters R., 137; 7 Cow., 460; 1 Wend. R., 173; Butler vs. Harrison, Cowp., 565; Peto vs. Blades, 5 Taunt., 657; Greenway vs. Hurd, 4 T.

R., 553; Sadler vs. Evans, 4 Burr, 1984; Snowden vs. Davis, 1 Taun., 359. If then the plaintiff be not responsible for the money thus collected, it would be strange indeed, to permit him to recover from the county, the money which he collected as her agent, and which he has paid over to his principal.

The other Judges concurring, the judgment is reversed.