Christy's Adm'r v. City of St. Louis.

------

CHRISTY'S ADMINISTRATOR, Appellant, *vs.* THE CITY OF ST. LOUIS, Respondent.

1. Walker *v.* The City of St. Louis, 15 Mo. Rep. 563, affirmed.
2. A municipal corporation has capacity to take personal if not real property, unless restrained by its charter. So, a party who has voluntarily paid to the city of St. Louis illegal taxes assessed under color of law, cannot maintain an action to recover them back, on the ground that the city has no capacity to take money which it has no right by charter to demand.
3. The same principle applies to an administrator who voluntarily pays illegal taxes upon the estate of his intestate, as to a person acting for himself. Neither can maintain an action to recover back.

*Appeal from St. Louis Court of Common Pleas.*

This was an action brought by the administrator of William Christy to recover back taxes paid by him and a preceding administrator to the city of St. Louis, beyond one-sixteenth of one per cent. per annum, upon real estate of their intestate,

situate in what was known as the new limits, brought into the city by the charter of 1841. The facts are the same as in the case of *Walker* v. *The City of St. Louis,* 15 Mo. Rep. 563. The court below gave judgment for the defendant, from which the plaintiff appealed. The cause was submitted on written arguments by Mr. Reynolds for appellant, and Mr. Dayton and Mr. Gantt for respondent.

*Mr. Reynolds,* for appellant, argued the following points : 1. The city of St. Louis has no capacity to receive or retain money for taxes not authorized by its charter. One paying, under a mistake of law, money to a natural person, may not recover it back, as there is in him the legal and natural capacity to give, and in the person paid, a legal and natural capacity to *take.* But a corporation has no natural capacity to take, and its legal capacity to take and hold is to be judged of by its charter. (First Inst. 263, *a,* 264, *b.* 1 Thomas' Coke, p. 193–4. As to the capacity to take real estate : *Jackson* v. *Hartwell,* 8 Johns. 422. *First Parish in Sutton* v. *Cole,* 3 Pick. 232. *Weston* v. *Hunt,* 2 Mass. 502. *Lumbard* v. *Aldrich,* 6 N. H. 269. *Lessee of Knowles* v. *Beatty,* 1 McLean, 41. *Green* v. *Seymour,* 3 Sandf. Ch. Rep. 285. *Beatty* v. *Lessee of Knowles,* 4 Peters, 152. As to personal estate : *State* v. *Granville Alexandria Society,* 11 Ohio, 1. *Blair* v. *Perpetual Ins. Co.,* 10 Mo. 559. *Bangor Boom Corporation* v. *Whiting,* 29 Maine (16 Shepley,) 123. *Farmers' Loan & Trust Co.* v. *Canal,* 5 Barb. Sup. C. Rep. 613. *McCullough* v. *Moss,* 5 Denio, 567.) But as the city has the physical and legal capacity to have the custody of money thus put into its coffers, the law will imply a promise and impose an obligation to refund. (*Stone* v. *Berkshire Cong. Society,* 14 Vermont, 86. *Bates* v. *State Bank,* 2 Ala. 451. *Thayer* v. *Boston,* 19 Pick. 511. *Garrett* v. *Andover,* 21 Vermont, 343. 5 Barb. Sup. C. Rep. 79.) 2. The money paid to the city by Christy's administrators was a trust fund, which may be followed into the hands of any one receiving it with a knowledge of its misapplication. This

whole transaction was a *devastavit.* If the present adminis-trator cannot recover back the taxes paid by himself, he can at least those paid by the former administrator. (Story's Eq. Jurisp. §1257 and authorities there cited. *Clark* v. *Hougham,* 2 B. & C. 149.) 3. The ordinance being void in part is void *in toto,* and plaintiff should recover back the whole tax. (5 Barbour's S. C. Rep. 613. *Ashville* v. *Means,* 7 Iredell, 406. *Drew* v. *Davis,* 10 Verm. 506. *Huse* v. *Merriam,* 2 Greenleaf, 375. *Elwell* v. *Shaw,* 1 id. 339. *Stetson* v. *Kempton,* 13 Mass. 272. *Bangs* v. *Snow,* 1 Mass. 181. *Dillingham* v. *Snow,* 5 Mass. 547. *Libby* v. *Burnham,* 15 Mass. 144.)

*Mr. Dayton* and *Mr. Gantt,* for respondent, relied upon *Walker* v. *The City,* 15 Mo. Rep. 563, and cited the follow-ing additional authorities: *Smith* v. *Readfield,* 27 Maine, 145. *Hemingway* v. *Machias,* 33 Maine, 445.

SCOTT, Judge, delivered the opinion of the court.

This action is founded on the state of facts that existed in the case of *Walker* v. *The City of St. Louis,* 15 Mo. Rep. 563, and grows out of the acts of the city, therein detailed.

The argument addressed to the court, founded on the inca-pacity of the city, as a corporation, to take and retain the money, the subject of this suit, is unsupported by authority, as by the common law, corporations, as an incident, possess the power to take and hold property, real and personal. The mort-main acts, if they are in force here, will not affect this ques-tion, as they do not extend to personalty. Restraints on this incident of corporations may be imposed by the express words of their charters, or by implication, but there is nothing in the charter of the city of St. Louis that can affect this question. Nor is the point in the case affected by the consideration, that the money was paid by an administrator. No reason can be perceived, why the case of an administrator should be different from that of any other individual. Under the circumstances,

it would hardly be maintained, that he committed a *devastavit* in paying the taxes demanded by the city.

It cannot be disguised that the question involved in this controversy has received different determinations in the courts of the states of the Union. The view entertained by this court, when the point was presented in the case of *Walker* v. *The City of St. Louis*, derives confirmation from the cases of *Hemmingway* v. *Machias*, 33 Maine Rep. 445, and *Smith* v. *Redfield*, 27 Maine Rep.

The other judges concurring, the judgment is affirmed.