STATE OF MISSOURI *ex rel.* H. L. RICE *et al.*, Appellants, *v.*
JAMES L. POWELL, Respondent.

1. *Sheriff — Collector of taxes — Official bond, liability on.* — The doctrine that
a sheriff is liable on his official bond for his wrongful acts under color of
office has been long established in Missouri; and his liability extends to him
as collector of taxes in those counties where it is made his duty to collect
them.

2. *Revenue — Land, judgment on for taxes on personalty.* — There is no shadow
of warrant for rendering judgment upon land for taxes due on personal
property.

3. *Damages — Sheriff — Taxes, refusal to receive — Official bond, liability
on — Measure of damages — Money paid voluntarily.* — A sheriff who refuses
to receive the legal taxes assessed upon real estate, and returns the land delin-
quent because the owner failed to pay a tax assessed on his personal prop-
erty, was altogether mistaken in his duty, and failed, according to the
condition of his bond, "to faithfully perform all the duties of his office of
collector according to law." But he would not be liable to the owner upon
his bond for the taxes on the personalty, with interest and costs, which the
latter paid under judgment of the County Court against his delinquent land,
and might have avoided by appearing in the court prior to judgment, and
attending to his interests. Such taxes must be held to have been paid volun-
tarily, and can not be recovered back in an action at law.

4. *Damages, recovery of — Diligence used in avoiding — Measure of damages.* —
It is now well settled that one who is injured by another has no right to suffer
damages to accumulate which it is in his power to prevent. He can not
recover damages for injuries which by reasonable exertion he might avoid.

*Appeal from Fifth District Court.*

*Strong & Chandler*, for appellants.

I. If the collector so made his return (after the land tax was
tendered to him) as to induce and cause the County Court to ren-
der judgment against the land for both land and personal tax, he
violated the law, and is liable in this action.

II. The relators were bound to take notice of all that the col-
lector or County Court might lawfully do, but they were not bound
by any unlawful act of the collector or County Court in the
premises.

III. The collection of taxes is against common right, and the

collector must strictly pursue the authority given him by law, or he is liable. ( 19 Mo. 369–71 ; 37 Mo. 280 ; 6 Mo. 64 ; 9 Mo. 868 ; 13 Mo. 437 ; 15 Wend. 579 ; 7 J. J. Marsh. 166. )

*Asper & Pollard*, for respondent.

I. The relators herein had their day in the County Court, and they are consequently precluded from bringing this suit. (Sess. Acts 1864, p. 85, § 2 ; *id*. 86, §§ 7, 8.)

II. The defendant had executed the order of the County Court in selling said lands, and is not liable on his bond, for he committed no laches as collector. (County of Lewis v. Tate, 10 Mo. 650 ; Walker v. City of St. Louis, 15 Mo. 563 ; Christy's Adm'r v. City of St. Louis, 20 Mo. 12, 13 ; Moss *et al*. v. State, 10 Mo. 338 ; Broom's Leg. Max. 97.)

III. It was legal for defendant to sell said real estate for the taxes of both personal and real property. No property is exempt from sale for taxes. (Sess. Acts 1864, p. 78, § 22.) There is no distinction in personal or real tax in delinquent list. (Sess. Acts 1864, p. 80, §§ 37–8.)

BLISS, Judge, delivered the opinion of the court.

This was a suit against Powell, as sheriff and tax collector of Daviess county, for refusing to receive the legal tax assessed upon certain real estate, returning the same as delinquent, and finally selling it. Rice and Caldwell purchased a farm of one Hays, after the assessment of the tax of 1865, and hence held the land charged with the tax. There was also upon the collector's books an assessment of a tax upon the personal property of said Hays. Rice and Caldwell in due season offered to pay, and tendered to the sheriff the tax upon the land ; but he refused to receive it unless they would also pay the tax upon the personal property. This they did not do. The land was returned delinquent ; judgment was rendered by the County Court for the amount of both taxes, interest, costs, etc.; the land was sold, and afterward redeemed by said Rice and Caldwell upon payment of the whole amount, with interest, costs, and penalty. They now

seek to recover back of the sheriff upon his official bond, as damages for its breach, the whole amount so paid. Defendant demurred, and judgment was rendered in his favor by the Circuit Court, which judgment was affirmed in the District Court.

The doctrine that the sheriff is liable upon his official bond for his wrongful acts under color of his office has been long established in Missouri, and this liability extends to him as collector of taxes in those counties where it is made his duty to collect them. (State, etc., v. Moore, 19 Mo. 369; State, etc., v. Shacklett, 37 Mo. 280.) The demurrer, therefore, upon the general ground of non-liability, is not well taken. But it is clear that he is not liable for executing the judgment of the County Court by selling the land or executing its order of sale. So far, he did only what he was commanded to do by his precept; and the court having given judgment against the land and ordered its sale, the matter being within its jurisdiction, and the plaintiffs having had their day in court, he is protected in its execution. The principle that thus protects him is too familiar to require elucidation.

He can not, however, make this plea in justification of his proceedings before the judgment. The tax list was placed in his hands for collection, containing an assessment against the real estate and an assessment of the personal property of one Hays. By the act of 1864, as well as by the General Statutes of 1865, the real and personal property must be listed and assessed separately. Section 31 of the act of 1864 is the same as section 41, chapter 12, Gen. Stat. 1865; and section 32 also expressly provides that "each tract of land and town lot shall be assessed, valued, and listed separately, and each kind of property shall be assessed separately from any other kind." A copy of this assessment was placed in the hands of the collector, containing the land and town lots of Hays, listed separately from each other and also separately from his personal property. The plaintiffs had purchased this real estate, and had a right to pay the taxes upon it, but were under no obligation whatever to pay upon the personal property. The action of the sheriff was sustained below partly on the ground that those taxes upon the personalty were

a lien upon the realty.    But I have searched in vain. for any
authority for this position.   The State may be, and often is,
cheated out of taxes due upon personal property by those who
sell their land and remove their personal effects beyond the reach
of the collector.   But the statute fails to make any provision for
collecting it out of the realty.   The collector had, and still has,
power to collect all taxes by seizing the goods of those who owe
them.    But the delinquent list returned to the County Court
for judgment and sale embraces and embraced only "the
delinquent lands and town lots" upon which the taxes remain
due and unpaid, "with the amount of the tax, etc, due
thereon" after advertising.   The law provides that "the taxes
on the lands and town lots returned delinquent may be paid
at any time prior to the rendition of judgment," etc.; and in
rendering judgment, the statutory form recited and recites that
no one has appeared to show cause why judgment should not be
rendered against the land for the taxes, etc., due thereon, and
enters judgment, with an order of sale for the taxes "due sev-
erally" upon the lots of land.    There is no shadow of a warrant
for rendering judgment upon the land for taxes due upon personal
property.   Yet, in the case before us, not only did the sheriff
demand of the plaintiffs the taxes upon Hays' personal property,
and refuse to receive the taxes upon the land unless they were
also paid, but the County Court actually rendered judgment
against the land for both classes of taxes.   It is perfectly clear
that the sheriff was altogether mistaken in his duty, and failed,
according to the condition of his bond, to "faithfully perform
all the duties of his office of collector according to law," by
refusing to receive the taxes due upon the land, and by afterward
returning the land delinquent.   But it is not so easy to determine
the measure of damages to which the plaintiffs are entitled.   It
was in their power, with very little trouble and expense, to appear
before the County Court and object to a judgment against the
land ; and we are bound to suppose that if they had so appeared
no judgment would have been rendered, or, at least, none except
for the taxes due upon the land, with interest and costs.   This
judgment they could have paid, when the only damage they would

have suffered would have been their reasonable expenses for attending the court, and the interest and costs embraced in the judgment over and above the amount originally due.

It is now well settled that one who is injured by another has no right to lie by and suffer damages to accumulate which it is in his power to prevent. He must use proper diligence to prevent or arrest the effect of the injury. Whatever he voluntarily suffers, which by reasonable exertion he may avoid, he must charge to his own account.

The petition charges that much the largest portion of the taxes due from Hays were charged upon his personal property; that the plaintiffs were obliged to pay those taxes, with interest, costs, and penalty upon the whole, in order to redeem the land. But they might, as we have seen, have avoided the necessity by proper diligence in attending to their interests. By the course they pursued they should be classed with those who voluntarily pay taxes which they might have resisted; and it has been long since decided in Missouri that such taxes can not be recovered back. (County of Lewis v. Tate, 10 Mo. 650; Walker v. City of St. Louis, 15 Mo. 653; Christy's Adm'r v. City of St. Louis, 20 Mo. 143.)

The court below erred in sustaining the demurrer, and their judgment should be reversed and the cause remanded to the Circuit Court of Daviess county for trial or judgment upon the demurrer for damages sustained as above. The other judges concur.