WILLIAM J. MOYE, Adm'r., &c., v. WILLIAM J. POPE.

A question as to the value of certain cotton, the consideration of a note given at an administrator's sale in Greene County in 1863, is to be settled with reference to the *time and place* of its sale and delivery ; and evidence as to what it was worth within the Federal lines, (whither it could not be transported but in violation of law,) or as to what it was sold for, is incompetent.

CIVIL ACTION, tried before *Jones, J.,* at Spring Term 1870, of PITT Court.

The action was brought upon a note for $403.00, payable at six months, dated October 15, 1863, and given for the price of two bales of cotton bought at an administrator's sale in Greene County. The price bid was fifty cents a pound.

On the day of sale, the defendant asked the plaintiff if he would accept Confederate money *then*, and the latter replied that the law required him to take a bond and security, and sell upon a credit of six months. He did not say what he would take when the note became due.

The plaintiff asked of several witnesses what was the value of cotton within the Federal lines, but upon objection by the defendant, the questions were ruled out, as also was another question by him, as to what the defendant afterwards received for the cotton. To these rulings he excepted.

The plaintiff asked the Court to instruct the jury :

1. That there was some evidence of a special contract to pay for the cotton in good money ; and,

2. That there was evidence of the value and price of cotton at the time and place of sale.

The Court instructed the jury to ascertain the value of the cotton at the time and place of sale, taking into consideration the whole of the testimony.

Verdict for $108.84, of which $80 is principal money. Rule, &c. Judgment accordingly. Appeal by the plaintiff.

*Howard* and *Battle & Sons*, for the appellant, cited *Cherry* v. *Savage* ante, 103 ; *Laws* v. *Rycroft* ante, 98, and *Coppell* v. *Hall*, 7 Wall. 542.

*Hilliard, contra,* cited *Robeson* v. *Brown*, 63 N. C., 554 ; *Garrett* v. *Smith, ante,* 93, and *Coppell* v. *Hall,* (*ubi supra.*)

Reade, J. The value of the cotton at the time and place

Moye, Adm'r., &c. *v.* Pope.

of sale and delivery, was the question. As tending to show the value, the plaintiff offered to prove the price of cotton on the other side of the military line between the Confederate and United States forces.

It was unlawful to trade across the line. There was no market to which the defendant could take the cotton beyond the line, without violating the laws of both governments. The Courts will not investigate the hazard of committing crime, or the value of successful adventure against the laws. The evidence was, therefore, properly ruled out.

For the same purpose the plaintiff offered to prove the price at which the defendant sold the cotton. But it did not appear when or where he sold; and, therefore, it could throw no light on the question, and was irrelevant.

There was no evidence to support the first special instruction asked for by the plaintiff, to wit, that there was a special contract to pay the amount bid in " *good money.*"

The second special instruction was in substance given as asked for by the plaintiff.

There is no error.

The plaintiff is entitled to judgment here for the same amount as the judgment below, but he is not entitled to the costs of the appeal, as it was his appeal. Judgment against the plaintiff for the costs of this Court.

Per Curiam.                                                     Affirmed.