Opinion by
Hurt, J.
§ 508. Evidence; decree of partition in divorce suit is admissible to prove title; case stated. H. C. Cook, as agent for Mrs. Hilena Baumbach, sued appellant in justice’s court for the value of lumber contained in a cer *457 tain fence removed by him from land belonging to her, and for damages, both actual and vindictive, for the alleged trespass. In justice’s court she recovered judgment for $128.35. In the county court, to which the case was appealed by appellant, she recovered judgment for $150. The fence lumber was alleged and proved to be of the value of $85.35. She claimed actual damages in the sum of $50, the rental value' for one year of the land from which the fence had been removed, and the further sum of $11.65 vindictive damages. It appears from the record that George Baumbach and Mrs. Baumbach, appellee, had been husband and wife, and had been divorced by a decree of court, and that said decree also partitioned their property between them, and that a tract of twenty and three-fourths acres of land, with the improvements thereon, was set apart as her property. This land was her separate property at and before said decree, and was the land from around which appellant removed the fence in controversy. Appellant built this fence around the land some years prior to the divorce decree, under some kind of a vague and indefinite verbal contract with George Baumbach, whereby they agreed to exchange lands, and by which exchange this particular tract was to become the property of appellant. No deeds passed between the parties, but they each took possession of the lands exchanged, etc. The partition of property between George Baumbach and his wife was effected by compromise, and was, by agreement of parties, made the decree of the court. Appellant was present when the partition was effected and agreed upon. On the trial of the case appellee was permitted to read in evidence, over the objections of appellant, the decree of partition. The objection urged to this evidence was that appellant was not a party to said decree, and was not bound thereby. Held, that the decree was admissible to show that Mrs. Baumbach was the legal owner of the land, and the improvements thereon.
§ 509. Estoppel; facts not amounting to. It is insisted *458 by appellant that Mrs. Baumbach is estopped from denying appellant’s right to the fence, by the facts of the case. Held: In the first place, it is very questionable whether appellant had any right at all to the fence. The evidence is quite clear that the land was the separate property of Mrs. Baumbach. But concede that he had such right, there are no facts which estop Mrs. Baumbach from asserting her claim to the property. An estoppel is, when “one by his words or conduct voluntarily causes another to believe the existence of. a certain state of things, and thereby induces him to act on that belief so as to alter his own previous position, in which case the former is concluded from averring, against the latter, a different state of things as existing at the same time.” [W. & W. Con. Rep. § 1051.] He contends that his right to the fence was recognized by the parties to the partition at the time said partition was agreed upon. This is most positively denied by the evidence of the attorney who represented Mrs. Baumbach on that occasion. It is true that appellant then mentioned “his fence,” but it was understood by the attorneys making the partition that the fence mentioned was a different one from that which inclosed this land.
January 14, 1885.
§ 510. Damages; facts did not tuarrant vindictive. There is no evidence in this case upon which to base the claim of appellee for vindictive damages. [W. & W. Con. Rep. § 117.]
§ 511. Same; rent not recoverable, when; excessive verdict. To authorize a recovery for the rent of the land, the proof must have shown that appellee was unable to rebuild the fence in time for a crop to be raised on the land that year. [Jones v. George, 61 Tex. 315; R. R. Co. v. Young, 60 Tex. 201; State v. Powell, 44 Mo. 436; Davis v. Pish, 1 Green, 406.] The full extent to which appellee was entitled to recover, under the evidence in this case, is the value of the fence, $88.35. Beyond this amount the verdict and judgment are excessive.
Reversed and remanded.