THE WESTERN UNION TELEGRAPH CO. *v.* REID BROS. *

When goods ordered by telegraph were sent to the wrong place, in consequence of an error of the company in repeating the dispatch at an intermediate point, and sending it forward, the measure of damages is not the full value of the goods at the place to which they should have been sent, with no deduction for their value at the place to which they were actually sent. A person injured by the negligent act of another must use reasonable diligence to render the damage as little as practicable, after discovery of the negligence, and its probable consequences.

April 8, 1889.

Telegraph companies. Damages. Negligence. Before Judge HANSELL. Thomas superior court. April adjourned term, 1888.

Reported in the decision.

MACINTYRE & MACINTYRE, for plaintiff in error.

W. M. HAMMOND, *contra.*

BLECKLEY, Chief Justice.

Reid Brothers sent a telegram from Thomasville to New York, ordering sacks. In repeating the telegram at Savannah, there was an omission to show that it was sent from Thomasville. In consequence of this omission, the sacks were forwarded by a common carrier to Savannah. In a suit by Reid Brothers against the company, a recovery was had upon the basis of the value of the sacks at Thomasville, without any deduction of their value at Savannah. We think this was error. The mistake was discovered in time to order the sacks to be forwarded from Savannah to Thomasville, or to direct the sale of them to be made at Savannah. Neither was done. Reid Brothers paid their

* Argued at the last term.

v 83-26

correspondent for them, but took no measures to have them sold at Savannah, forwarded to Thomasville, or abandoned to the telegraph company. Surely one of these measures was essential to a recovery of their full value at Thomasville. The bill of lading was sent to them, and the title to the sacks is still in them. The carrier is responsible to them. Speaking generally they have the sacks now. This being so, it would seem plain equity that the value of the sacks where they are should be deducted from the amount of the recovery. The authorities all hold that it is the duty of the injured party to exercise some degree of diligence in rendering the damage of a negligent act as little as practicable. Marr *v.* Western Union T. Co. (Tenn.), 16 Am. & Eng. Corp. Cas. 256. It is suggested that *Athens Mfg. Co.* v. *Rucker*, 80 *Ga.* 291, conflicts with this doctrine; but we think an examination of the case will show that it does not. See Mather *v.* Butler County, 28 Iowa, 253; Missouri *v.* Powell, 44 Mo. 436. The principle which we seek to apply in this case is found in Gray Tel. §100 ; W. & N. O. T. Co. *v.* Hobson, 15 Grat. 122. See Leonard *v.* N. Y. etc. Tel. Co., 2 Hand (41 N. Y.), 544.

The great fact which stands out before our minds is, that wherever the sacks may be, and whatever they may be worth, Reid Brothers still own them, have the title to them, and yet they have recovered of the telegraph company their full value. We think the measure of damages recognized by the court was not the proper one, and that there should be a new trial.

*Judgment reversed.*