JOSEPH BERBARRY v. TOMBACHER & BANOV.

(Filed 12 March, 1913.)

1. **Evidence Incompetent — Admissions by Witness — Subsequent Statement—Harmless Error.**

   Where a vendee seeks to recover damages from his vendor for failing to deliver goods of the quality he had bought, and introduces evidence tending to show that they were worth more to

162—32

him than the price he had paid, testimony of a witness is incompetent which was offered for the purpose of showing that the defendant did not carry the line of goods which the plaintiff claimed he had bought, when it appears by his own admission that the witness did not have the requisite knowledge to make his evidence competent, and, further, in this case, the witness was afterwards permitted to state the kind of goods the defendant carried in stock, and if any error was committed in ruling out the evidence objected to, it was cured.

2. Evidence—Vendor and Vendee—Exhibits to Jury—Comparisons.
Where damages are sought by the buyer of clothing on the ground that the goods delivered were inferior in quality to those purchased, it is competent for the plaintiff to illustrate the difference in texture and quality, by exhibiting other suits to the jury.

3. Contracts—Vendor and Vendee—Damages—Measure of Damages.
Where damages are sought by a buyer of goods on the ground that the seller furnished goods of an inferior quality, a breach of the contract of sale would entitle the plaintiff to nominal damages, at least; and the measure of recovery of substantial damages is the market value of the goods at the time and place stipulated for the delivery, less the contract price.

Appeal by defendant from *Carter, J.,* at September Term, 1912, of New Hanover.

This action was brought to recover damages for the failure to deliver certain goods bought by plaintiff from defendant in New York, which was also the place of delivery fixed by the contract of sale. The goods bought by plaintiff consisted of men's and children's clothing: 165 pairs of pantaloons and 299 serge and cassimere suits for children, which had been damaged by water used in extinguishing a fire in defendant's store, the price being $237.05. The amount of damages claimed by plaintiff is $850. Verdict and judgment for plaintiff, and defendant appealed.

*J. D. Bellamy & Son for plaintiff.*
*H. M. McClammy for defendants.*

Walker, J. There are several questions of evidence in the case. The plaintiff offered testimony as to the real value of the goods he bought, with the view of showing that they were worth a great deal more than he gave for them, and a witness,

L. W. Davis, was introduced by the defendants to prove that he had seen the defendants' stock of goods but a short time before the sale to plaintiff. This testimony was offered to show that defendants had not kept in their stock any goods of the character and value of those described by the plaintiff's witnesses. It is evident that the witness was not qualified to testify to the fact proposed to be established, because he had not seen the stock from which the sale of the goods was made, but he was afterwards permitted to state the kind of goods defendants carried in their stock, and to answer fully the excluded question. If, therefore, there was any error, it was cured. *Gossler v. Wood,* 120 N. C., 69; *Daniel v. Dixon,* 161 N. C., 377. Besides, when the witness did answer the question, or attempted to do so, it appeared by his own admission that he did not have the requisite knowledge of the fact involved.

There was some controversy between the parties as to whether plaintiff bought cassimere, serge, or cotton suits; and plaintiff, in order to identify and fix the quality of the goods he did buy, was permitted to exhibit to the court and the jury suits of the three kinds, and to show the difference in quality. It was not for the purpose of showing the value of the goods he bought, but merely to illustrate the difference in texture and quality of different sorts, as a means of informing the jury of the kind and quality he purchased. We do not see why this was not competent. *S. v. Vann, post.* The other exception to evidence is without merit, and requires no comment.

The last exception is to the instruction of the court, that if there had been a breach of the contract by defendant, the plaintiff was entitled to recover nominal damages, if no substantial damages had been shown; and this is true. *Chaffin v. Manufacturing Co.,* 135 N. C., 95; *Manufacturing Co. v. Machine Works,* 144 N. C., at p. 690. The court stated to the jury the correct rule as to actual damages, it being the difference between the agreed price and the market value at the time and place of delivery as fixed by the contract. *Coal Co. v. Ice Co.,* 134 N. C., 574; *Douglass v. McCallister,* 3 Cranch., 298; *Roberts v. Benjamin,* 124 U. S., 64; *Shepherd v. Hampton,* 3 Wheaton (U. S.), 209. The standard, therefore, by

which to estimate damages for nondelivery is the market value at the time and place stipulated for the delivery, less the contract price. *Grand Tower Co. v. Phillips,* 23 Wall., 471; *Homesley v. Elias,* 75 N. C., 564; *Oldham v. Kerchner,* 79 N. C., 106. This disposes of all the exceptions.

No error.