AMERICAN LUMBER COMPANY v. DREXEL FURNITURE COMPANY.

(Filed 23 December, 1914.)

1. **Judgments—Default and Inquiry—Breach of Contracts—Lumber—Measure of Damages—Speculative Profits—Appeal and Error.**

   A judgment by default and inquiry for the failure to file answer in an action to recover damages for the breach of a contract in the failure of the defendant to deliver lumber sold, the cause of action is established by the judgment, leaving only the inquiry as to damages to be determined; and where the judge has correctly instructed the jury that the rule for the admeasurement of damages was the difference between the contract price and the market price at the place and time appointed by the contract for the delivery, the question is not presented, on the defendant's appeal, as to whether the plaintiff should be permitted to recover speculative profits, and no error is found.

2. **Contracts, Breach of—Measure of Damages—Diminution.**

   In this action to recover damages for defendant's breach of contract in not delivering lumber sold, no evidence appears in the record that the plaintiff failed to exercise due care and diligence to prevent loss to defendant after he was aware of its breach, or to diminish the amount of damages, and the Court finds no error upon the defendant's contention in that respect.

APPEAL by defendant from *Carter, J.,* at January Term, 1914, of HAYWOOD.

Civil action to recover $750 as damages for a breach of the contract sued on, in failing to deliver the lumber therein sold to the plaintiff. The action was commenced on 23 June, 1913, returnable to the Jury term of Haywood Superior Court. The complaint was filed on 9 July following. No answer was filed at the July or September terms of the court, nor was any since, and at January term, when the court was about to adjourn for the term, judgment by default and inquiry was rendered. At the following May term of the court the cause came on for trial before his Honor, *Judge Carter,* at which time judgment was rendered in favor of the plaintiff, upon the verdict of a jury, for the sum of $600. From this judgment the defendant appealed.

*Felix & Alley and Thurman Leatherwood for plaintiff.*
*Ferguson & Silver for defendant.*

WALKER, J., after stating the case: This seems to be a very simple case. As there was a judgment by default, the cause of action was admitted, and it being for a breach of contract of defendant to sell and deliver lumber to the plaintiff, there having been a default by the former, the plaintiff would be entitled to recover under the writ of inquiry, which was then being executed by the jury, at least nominal damages, and such actual or substantial damages as it might show had been sustained. It was alleged in the complaint that plaintiff bought the lumber to resell at a profit, and that this was known to the defendant. The contract was for the "sale and delivery of 150,000 feet of No. 1 common and better oak lumber, to be of the widths and lengths and at and for the prices fully set forth in the said contract, the same to be delivered by the defendant f. o. b. cars at some point in North Carolina taking a rate of freight to High Point not in excess of that from Sevier, N. C." The defendant's brief is directed largely to a discussion of the question as to whether plaintiff is entitled to recover the profits he would have made by the transaction, the contention being that he is not, as they are merely conjectural or speculative, citing *Coal Co. v. Ice Co.,* 134 N. C., 574; *Machine Co. v. Tobacco Co.,* 141 N. C., 284; *Lumber Co. v. Mfg. Co.,* 162 N. C., 395; but we need not enter upon this uninviting subject, as the learned judge properly confined the recovery to the one warranted by the ordinary and familiar rule, which allowed plaintiff to recover only the difference between the contract price and the market price at Sevier, N. C., or "at a point taking a rate of freight to High Point, N. C., not in excess of that from Sevier, N. C.," and at the time stipulated for the delivery. There was evidence that this difference was $5 per thousand, or $750 upon the entire lot, which is the amount for which

judgment is asked in the complaint. Under a very clear and faultless charge the jury assessed the damages for the breach at $600, which was $250 less than plaintiff demanded. This verdict was very favorable to the defendant, as the evidence was strong to establish the larger sum as the true amount of the loss by reason of the breach. The court gave correct instructions as to the rule for admeasuring the damages, it being the difference between the contract price and the market price at the place and time appointed by the contract for the delivery. This is the standard of adjustment, as between the parties, where there has been a breach, or failure to deliver, from a very ancient period, and is, we believe, universally adopted as being in reality the only one for our safe guidance, and a very just one, too. *Berbarry v. Tombacher,* 162 N. C., 497; *Lumber Co. v. Mfg. Co.,* 162 N. C., 392; *Roberts v. Benjamin,* 124 U. S., 64; *Coal Co. v. Ice Co., supra; Holmesly v. Elias & Cohen,* 75 N. C., 564; *Oldham v. Kerchner,* 79 N. C., 106, and other cases cited in the *Berbarry case, supra.*

There was no evidence that plaintiff failed to exercise due care and diligence in preventing loss to the defendant after he knew of the breach. The case really does not present that question, as it did in *Hocutt v. Tel. Co.,* 147 N. C., 186. So far as appears, the plaintiff did all that was required to render the damage as little as practicable. *Tel. Co. v. Reid,* 83 Ga., 401. What else he could have done we do not know, and defendant has thrown no light upon the subject by any evidence, so that we might see better what it is.

The case was well tried, and without any error being committed.

No error.