## GASTON FARMERS WAREHOUSE COMPANY v. AMERICAN AGRICULTURAL CHEMICAL COMPANY.

(Filed 27 November, 1918.)

**1. Vendor and Purchaser—Fertilizer—Contract—Breach—Measure of Damages—Evidence—Market Price.**

Upon vendor's breach of contract of sale and delivery of fertilizers from 1 September to 30 November of a certain year, the measure of damages is the difference in the contract and market price at the time and place of delivery; and evidence of the market price during the following spring of the year is irrelevant and incompetent.

**2. Appeal and Error—Verdict—Harmless Error.**

Errors committed on the trial as to issues answered in appellant's favor are cured by the verdict.

ACTION, tried before *Webb, J.,* and a jury, at January Term, 1918, of GASTON.

The action was brought to recover damages for failure to deliver fertilizers for the fall season 1915, under a contract for the purchase of the same. The jury found (1) that the contract was made; (2) that there was a breach of it, and (3) assessed the damages at one cent.

Judgment upon the verdict for the plaintiff and both parties appealed.

*E. R. Preston and S. J. Durham for plaintiff.*
*Tillett & Guthrie for defendant.*

WALKER, J. As the plaintiff was successful on the first two issues, we cannot consider its exceptions as to them, for if there was error it was not prejudiced thereby, and it frankly admits that if it is wrong as to the exception taken to the charge of the court, presently to be set forth, its other exceptions must fail. The instruction of the court is this: "The court charges the jury that it cannot consider the price of fertilizers in the spring of 1916 as evidence of the market price on 30 November, 1915."

The fertilizer, as we have already stated, was purchased for the fall delivery, and plaintiff proposed to prove what was the price in the spring of 1916 for the purpose of further proving the price on 30 November, 1915. If this evidence was not competent, there was no evidence on the issue of damages, as plaintiff admits in its brief. The plaintiff should have been restricted to 30 November, 1915, in proving its damages for the breach of the contract, as the latter covered only the fall season— that is, from 1 September, 1915, to 30 November, 1915. The settlement of the next year, or six months after 30 November. This surely was not the true construction of the contract, but plaintiff so states its meaning in section 3 of the complaint, which is as follows: "That during the year 1915 plaintiff and defendant entered into an agreement, by the terms of which defendant agreed to supply to plaintiff various kinds and qualities of fertilizers, at prices therein agreed, upon the demand and order of plaintiff prior to 1 December of said year to an amount at option of plaintiff not exceeding ............... tons." But the law attaches that meaning to the contract. It refers to the season beginning with 1 September, 1915, and ending 30 November, 1915. *Abel v. Alexander,* 15 Am. Rep., 270; *S. v. Haddock,* 9 N. C., 462. But we do not regard this as very material and will not prolong the discussion of it.

The question is, Was it competent, in order to prove the market price on 30 November, 1915, to show what it was in the spring of 1916? What time in the spring? This season extends from 1st March to 1st June, and the general offer of proof would include the price as late as May of the next year, or six months after 30 November. This surely was not competent evidence, and the charge was correct. The two dates are too far apart, and there is evidence that the market was rising during the intervening period. There is nothing to show that the price on 30th November and that in the following spring were the same. The parties were contracting with reference to a fluctuating market in which, of course, the prices were not always the same. The contract was broken in the fall and the plaintiff was entitled to recover the difference in the contract and the market price at the time and place of delivery. This is the general rule. *Moye v. Pope,* 64 N. C., 543; *Berbarry v. Tombacher,* 162 N. C., 497; *Am. L. Co. v. Quiett Mfg. Co.,* 162 N. C., 395; *Am. L. Co. v. Drexel F. Co.,* 167 N. C., 565.

In the *Berbarry* case we held, first, that the measure of damages for a seller's breach of contract to deliver goods is the difference between the agreed price and the market value at the time and place of delivery, as fixed by the contract, and, second, that on a seller's breach of his contract to deliver, the buyer is entitled to recover nominal damages if no substantial damages be shown.

What was the price in the Spring of the next succeeding year, nothing

else appearing, is not competent proof of what the price was on 30 November, 1915, as the following cases show: *Alling v. Weisman,* 59 Atl. (Conn.), 419; *Coke Co. v. Mining Co.,* 20 So. (Ala.), 624; *McLarin v. Birdsong,* 24 Ga., 265; *Waterson v. Seat,* 10 Fla., 326; *Ramish v. Kirshbrann,* 27 Pac. (Cal.), 433; *Sweitzer v. McCrea,* 97 Ind., 404.

If we should hold evidence of this kind to be admissible, where would the line be drawn beyond which the plaintiff cannot go? How could we determine that if fertilizers sold for a certain price in the spring of one year it would have sold for the same price in the fall of the year before? There are available sources from which evidence of a more certain and definite character can be drawn as to the price at the time and place of the breach. 35 Cyc., at pp. 636, 637, states that the market price to be taken as a basis for estimating damages for nondelivery is the actual market price prevailing at the time and place of delivery for a similar grade of goods, or those of the kind and quality contracted for, and this market price should be taken as of the time the breach of the contract occurred, and not at a time thereafter, except under special circumstances which do not appear in this record. There is nothing shown in this case to withdraw it from the operation of the general rule.

In the view we have taken of the matter, the exception as to the discount becomes irrelevant, the jury having awarded only nominal damages.

Defendant, in its brief, states that it will not ask for a new trial if we affirm the plaintiff's appeal. As we have done so, it is not necessary to consider the exceptions in defendant's case on appeal. The plaintiff has been very favorably considered by the court below and has no legal or just cause to complain, especially when we consider defendant's appeal. We therefore affirm in both appeals.

Plaintiff's appeal, no error.

Defendant's appeal, no error.