## J. W. HUNTER v. SAMUEL GERSON.

(Filed 19 November, 1919.)

**Damages—Contracts—Instructions—Appeal and Error—Prejudicial Error—Deductions—Verdict.**

Where a contract for the sale of rails and fastenings was for the agreed price as they laid fastened to a railroad bed, it is reversible error, to defendant's prejudice, for the trial judge to charge the jury upon the measure of damages, that it would be the difference between the price at which defendant contracted to sell them and the fair market value f. o. b. at a certain station at the time of the defendant's breach, the correct rule being that it is such value at the time and place fixed by the contract for delivery, in this case, as they lay fastened in the roadbed. *Held, further,* that *Rhyne v. Rhyne,* 151 N. C., 401, as to deduction for services rendered, did not apply, it appearing from the verdict that the deduction had been made by them without regard to the charge.

CIVIL ACTION, tried at February Term, 1919, of MECKLENBURG, upon certain issues submitted to the jury.

From the judgment favoring the plaintiff, the defendant appeals.

*Cansler & Cansler and Morrison & Dockery for plaintiff.*
*J. F. Newell, Clarkson, Taliaferro & Clarkson, and J. D. McCall for defendant.*

BROWN, J. This action is brought to recover damages for a breach of contract in the sale of the rails and fastenings of the Eddie Lake & Northern Railway Company, as the same lay on the railroad bed. Fifteen issues were submitted to the jury, which it is not necessary to set out. The jury found that the contract was duly entered into by the defendant, and that the defendant wrongfully failed and refused to comply with the contract, and wrongfully refused to permit the plaintiff to take up and remove the rail and fastenings. The jury assessed the damages in favor of the plaintiff. According to the finding of the jury, the plaintiff bought the rails as they lay on the roadbed. His Honor instructed the jury as follows:

"As to the other rails and fastenings, then, which the plaintiff contends the defendant contracted and agreed to sell him over and above the

six hundred tons just referred to, the court charges, if you answer the first, third, fourth, fifth, and sixth issues 'Yes,' then as to the rails and fastenings embraced in the contract referred to in the first issue, other than the six hundred tons, the measure of damages, plaintiff's damages would be the difference between the price at which the defendant contracted to sell them, and their fair market value, f. o. b. the cars at Conway, S. C., at the time of the defendant's breach of the contract, if you find there was such breach."

To which the defendant excepted. The instruction is erroneous. All the testimony tended to prove that the contract was that the defendant was to take the rails on the roadbed and not f. o. b. at Conway. There was evidence tending to prove that it would cost about $9,400 to take up and remove the rails, consequently the rails are worth much less on the roadbed than they would be on the cars at Conway.

The rule for assessment of damages in a case like this is well settled, and it is the difference between the contract price of the rails and their fair market value at the time and place fixed by the contract for their delivery.

*Lumber Co. v. Furniture Co.,* 167 N. C., 565; *Lumber Co. v. Mfg. Co.,* 162 N. C., 395; *Berbarry v. Tombacher,* 162 N. C., 497. In the first case cited above, the Court says: "The court gave correct instructions as to the rule for admeasuring the damages, it being the difference between the contract price and the market price at the place and time appointed by the contract for the delivery. This is the standard of adjustment, as between the parties where there has been a breach, or failure to deliver, from a very ancient period, and is, we believe, universally adopted as being in reality the only one for our safe guidance, and a very just one, too."

The error of the court lay in fixing the market value of the rails f. o. b. cars Conway, S. C., as the criterion, instead of their market value as they lay on the roadbed.

The learned counsel for plaintiff very earnestly insisted that the Court could deal with this case as it did with *Rhyne v. Rhyne,* 151 N. C., 401. In that case the Court held that the judge erred in his instructions to the jury in not directing them to allow a certain deduction for the value of the son's services, but we were of opinion that it appeared from the verdict that the jury, without regard to the charge, had made the deduction, and that, therefore, the error was harmless.

From an examination of the issues and evidence, we are unable to say that the error was harmless in this case. We think the instruction was not only erroneous, but very probably misled the jury, to the defendant's detriment.

New trial.