### MAGNUS WATTS *v.* ELIZABETH BELL and others.

If, on a trial below, the verdict of the jury is, in the opinion of the presiding Judge, contrary to the weight of the evidence, he has a discretion to set such verdict aside, which discretion cannot be reviewed in an appellate Court.

SPECIAL PROCEEDING to recover damages for the injury to plaintiff's land by the erection of defendants' mill dam, tried before *Mitchell, J.,* at the Spring Term, 1874, of CALDWELL Superior Court.

The defendants objected to plaintiff's right to a verdict in this action upon the grounds set forth in the answer, that there was no sufficient averment in the complaint that there was any mill, mentioned in the statute, situate at plaintiff's dam to entitle him to his remedy. This objection was overruled by the Court and the following issues were submitted to the jury upon the evidence, to wit:

1. Is plaintiff's land injured by the mill dam of defendants?

2. Has the defendants acquired by lapse of time an easement to dam the water back to its present height?

3. Has the plaintiff sustained any damage by said dam, by reason of any new injury since 1856?

Upon which issues the jury responded as follows, to-wit, by finding all the issues in favor of the plaintiff, to-wit, as to the first issue, yes; as to the second, no; as to the third, yes.

Upon this finding of the jury, the defendant moved his Honor to set aside the verdict upon the ground, first, that the verdict of the jury was against the evidence; second, that the finding of the jury was immaterial.

Whereupon his Honor set aside the finding upon the second issue, upon the ground that it was found by the jury contrary to the evidence, and he set aside the finding upon the first and third issues upon the ground that they, the second being set aside, were immaterial and that a re-pleader must be awarded. Whereupon the plaintiff appealed.

*McCorkle & Bailey*, for appellant.
*Folk & Armfield, Scott & Caldwell*, contra.

READE, J.   I. The first question is, whether his Honor had the power to set aside the verdict because, in his opinion, it was " contrary to the evidence ?" by which we understand the *weight of the evidence.*   It is too clear for argument that he has, and the practice has been uniform time out of mind. And upon the supposition that we can review the order under C. C. P. 299, in a proper case, there is nothing in *this* case to show that there was error.

II.   There were three issues submitted to the jury :  1. Is plaintiff's land injured by the mill dam of defendant ?   2. Has defendant acquired by lapse of time an easement to dam the water back to its present height ?   3. Has plaintiff sustained any damage by said dam by reason of any new injury since 1856 ?   All these issues were found for the plaintiff.   But his Honor thought the jury ought to have found for the defendant on the second issue, to-wit, that the defendant had acquired an easement to pond the water back as he had done, and because the jury found against the weight of the evidence on this issue, he granted a new trial.   And if the defendant was entitled to a verdict upon this issue, he was entitled to a verdict upon the whole case, no matter how the other issues were decided, and therefore he granted a new trial generally.   We do not see any error in this.   It was discretionary with his Honor, and no error appears on its exercise.

There is no error.   The cause will be remanded to be proceeded with according to law.   The appellant will pay costs.

PER CURIAM.                         Judgment affirmed.