### W. B. COOPER v. G. A. CLUTE.

(Filed 24 October, 1917.)

**1. Courts—Verdict Set Aside—Discretion—Appeal and Error.**

A motion to set aside a verdict as being contrary to the weight of the evidence must be addressed to the sound legal discretion of the trial judge, and in the absence of abuse of this discretion is not reviewable on appeal.

**2. Contracts — Breach — Measure of Damage — Vendor and Purchaser — Cotton.**

Upon seller's breach of contract to deliver a definite number of bales of cotton at a certain place and time, the vendor's measure of damages is the difference between the contract price and the actual or market value of the property at the time and place of the delivery, and special damages are not recoverable when the parties have only contemplated the delivery of the cotton without further evidence.

**3. Same—Compress Charges—Nominal Damages.**

Where the vendor sells his baled cotton, held in storage by a warehouse-man, and the latter has had the cotton compressed and sold it another without the knowledge of the vendor, evidence that the warehouseman sold the cotton at the same price, with compress charges added, is not evidence that the purchaser had been damaged by the vendor's breach of contract.

CIVIL ACTION tried before *Bond, J.,* at May Term, 1917, of NEW HANOVER, upon these issues:

1. Did defendant Clute contract and agree to sell and deliver to plaintiff Cooper 1,430 bales of cotton at 10⅞ cents per pound basis middling, as alleged in complaint? Answer: Yes.

2. Was plaintiff Cooper ready, able and willing to receive and pay for said cotton and comply with his part of said contract? Answer: Yes.

3. Was defendant Clute caused to make said contract by false and fraudulent statements made by plaintiff Cooper, or his agent, intended to, and which did, deceive him as to market price of cotton at that time in Wilmington, as. alleged in answer? Answer: No.

4. Was said contract made for cotton not compressed, both supposing said cotton had not been compressed, when in fact it had been compressed at that time? Answer: Yes.

5. Would plaintiff Cooper have received the cotton as compliance with the contract if defendant Clute had offered to deliver it? Answer: Yes.

6. Could defendant Clute have gotten cotton from Sprunt with which to comply with his contract with plaintiff Cooper? Answer: No.

7. Did defendant Clute wrongfully break his contract and fail to deliver the cotton according to its terms? Answer: Yes.

8. Was it within contemplation of both parties to the contract that plaintiff was buying the cotton to sell again? Answer: Yes.

9. What, if anything, could plaintiff Cooper have made by selling the cotton within reasonable time if defendant Clute had delivered it according to his contract? Answer: Nothing.

10. What was market price per pound of the cotton at place at which it was to be delivered, on Wednesday, 23 February, 1916? Answer: 10⅞ cents.

11. What was market value per pound of the cotton at place at which it was to be delivered on Saturday, 26 February, 1916? Answer: 10⅞ cents.

12. Under the contract, was delivery to be made on Wednesday, 23 February, 1916, or on Saturday, 26 February, 1916? Answer: Saturday, 26 February, 1916.

13. When Clute made the contract, had his cotton been compressed by Sprunt without his knowledge? Answer: Yes.

14. What was the weight per bale of the cotton? Answer: 468 1-10 pounds.

15. Did said cotton grade ⅛ cent per pound above middling? Answer: Yes.

16. Was the bargain between the plaintiff and defendant made with reference to the same 1,430 bales of cotton stored in warehouse of Wilmington Compress and Warehouse Company? Answer: Yes.

17. At the time bargain was made between plaintiff and defendant, had Sprunt & Son agreed to sell the cotton to another buyer, defendant Clute not knowing of same? Answer: Yes.

18. At that time bargain was made between plaintiff and defendant had Sprunt & Son sold and delivered the cotton to another buyer? Answer: Yes.

19. Would defendant Clute have made the contract with plaintiff Cooper if he had known the cotton had been compressed, and that Sprunt & Son had agreed to sell or had delivered it to another buyer? Answer: No.

20. Did defendant Clute, when he failed to deliver the cotton, have the right to call on Sprunt & Son for cotton to deliver to Cooper in place of the cotton which Sprunt & Son had compressed? Answer: No.

21. What damages, if anything, is plaintiff Cooper entitled to recover of defendant Clute? Answer: One penny.

The court rendered judgment against the defendant for one penny and costs. Plaintiff and defendant excepted and appealed.

*John D. Bellamy & Son, McClammy & Burgwyn for plaintiff.*
*Rountree & Davis, Kenan & Wright for defendant.*

PLAINTIFF'S APPEAL.

BROWN, J. There are seven assignments of error by plaintiff. Five of them aver that the court erred in refusing to set aside the verdict upon

certain issues, and the sixth avers that the court erroneously refused to set aside the verdict upon all the issues, based upon the ground that it was contrary to the weight of the evidence.

This is a matter in the sound discretion of the Superior Court, and will not be reviewed, in the absence of evidence of an abuse of such discretion. *Bird v. Bradburn,* 131 N. C., 488; *Collins v. Casualty Co.,* 172 N. C., 549.

The seventh assignment avers that the court erred in failing to give judgment for the plaintiff for the difference between 10⅞ cents, the contract price of the cotton, and 11.03 cents, the price which it was admitted the defendant obtained from Sprunt for the sale of the said cotton, and the costs of the action, and in signing the judgment set out in the record.

The findings of the jury establish that the defendant entered into a contract with plaintiff to deliver to him at the Hilton compress, near Wilmington, 1,430 bales of cotton, not compressed, at the price of 10⅞ cents per pound, delivery to be made on 26 February, 1916; that plaintiff was ready, able and willing to take and pay for the cotton according to contract; that defendant failed to deliver the cotton, and that its market value at time and place of delivery was 10⅞ cents per pound.

The measure of damage to be recovered for breach of an executory contract of this character is well settled to be the difference between the contract price and the actual or market value of the property at the time and place of the breach of the contract. Under this rule, if the market value is the same as the contract price when the contract is breached, only nominal damages can be recovered. 39 Cyc., 1992; *Lumber Co. v. Mfg. Co.,* 162 N. C., 395; *Berbarry v. Tombacher,* 162 N. C., 499.

There are cases where the evidence warrants the allowance of special damage, but we see nothing in this case that takes it out of the general rule.

There is no evidence that the contract had been entered into by plaintiff for the purpose of filling contracts made by him, as in *Johnson v. R. R.,* 140 N. C., 574, and that such purpose was within the knowledge or contemplation of both parties when the contract was made. While it is found that plaintiff purchased the cotton to sell again, it is also found that, had the cotton been delivered and resold within a reasonable time, plaintiff would have made nothing by the transaction.

Plaintiff contends that the court should have rendered judgment for plaintiff for the difference between 10⅞ cents, the contract price, and 11.03 cents, which plaintiff claims the defendant received from Sprunt for the cotton. The plaintiff tendered no such issue, and there is no finding of fact that defendant received 11.03 cents for the cotton. But that is immaterial. The written contract shows that the defendant did not sell to plaintiff any particular cotton. Defendant could have per-

formed the contract by purchasing similar cotton on the market and making the delivery.

If he failed to do so, in the absence of proof of special damage, the defendant can be held only for its value as fixed by the jury, less the contract price. The evidence is that the cotton that Sprunt held for defendant under a storage contract had been compressed and sold by Sprunt, without defendant's knowledge, before the contract sued on had been entered into. The defendant would not be required to deliver compressed cotton in discharge of a contract calling for uncompressed cotton, the former being worth more. Therefore, the terms of settlement between Sprunt and defendant have no relation to this controversy. The question here is not what plaintiff would probably have made by a performance of the contract by defendant (the jury find that he would have made nothing), but what was he damaged by defendant's failure to perform it?

The evidence is conflicting as to the value of similar cotton at place of delivery on 26 February, 1916, but the jury have fixed it at 10⅞ cents, which is the contract price. It therefore follows that the plaintiff has sustained no actual damage.

### DEFENDANT'S APPEAL.

The defendant in his answer alleges that the contract to sell was entered into under a mutual mistake, and asks a rescission. No such issue was submitted, and there is no evidence to support the contention.

The fact that defendant did not know that his cotton had been compressed and sold by Sprunt at the time he entered into the contract with plaintiff does not excuse him for its breach. No actual damage having been proven, he is nevertheless liable for nominal damage. *Berbarry v. Tombacher, supra.*

No error.