D. V. LEE v. ADDIE PENLAND ET AL.

(Filed 18 February, 1931.)

**1. Trial D a—Defendant must renew motion of nonsuit at close of all evidence in order to present question on appeal.**

Where a defendant makes a motion as of nonsuit at the close of the plaintiff's evidence, and upon the motion being overruled, introduces evidence in his own behalf, he waives his right to present the question of the sufficiency of the evidence to go to the jury by failing to renew his motion at the close of all the evidence, and his appeal will be regarded as if no motion had been made by him. C. S., 567.

**2. Trial G a—After court has refused to grant motion of nonsuit he may not set aside verdict for insufficiency of evidence as matter of law.**

Where the trial court has refused to grant the defendant's motion as of nonsuit, he may not set aside the verdict on the ground of the insufficiency of the evidence as a matter of law, but may do so only as a matter within his discretion.

APPEAL by plaintiff from *Barnhill, J.,* at May Term, 1930, of BUNCOMBE. Affirmed.

Action to recover damages for personal injury. In her complaint the plaintiff alleged that on the occasion complained of the defendants owned and had in charge an apartment house on Ravenscroft Drive, in the city of Asheville, that each of the defendants was an agent of the other, and that she was a renter for pay of one of the apartments. It was afterwards admitted that Addie Penland owned the building. The house is situated on an elevation 15 or 20 feet above the street and has an approach of concrete steps without banisters. The plaintiff alleged that on the landing at the top of the steps the defendants kept a worn and raveled mat or rug which was "hazardous, dangerous, and unsafe for the plaintiff," who had occasion to use it in going to and from her apartment, and that on 12 October, 1929, when she was going from the house to the street her foot was caught in the raveled mat and she was thrown down the steps and seriously injured. She set forth as the proximate causes of her injury:

1. The carelessness and negligence of the defendants in failing to provide a hand railing or banister along the sides of said steps by which the plaintiff could have steadied herself and could have held and avoided the accident hereinbefore complained of.

2. The carelessness and negligence of the defendants in placing and maintaining, or causing to be placed and maintained, a worn, raveled and. dangerous rug or mat on the high landing of the steps.

The defendants denied that the plaintiff was injured by their negligence, alleged that J. A. Penland had nothing to do with the accident and owed no duty to the plaintiff, and pleaded contributory negligence.

The plaintiff offered evidence and rested; the defendants moved for judgment of nonsuit; the motion was allowed only as to J. A. Penland; the other defendant excepted.

The plaintiff was allowed, in the court's discretion, to offer other testimony. At its close Addie Penland again made a motion for nonsuit, which was refused, and she excepted. Thereupon she offered evidence. The plaintiff testified in rebuttal and the evidence was closed; but the defendant did not renew her motion for judgment of nonsuit at the close of all the evidence.

In response to the issues the jury found that the plaintiff's injury was caused by the negligence of Addie Penland; that the plaintiff did not negligently contribute to her injury, and that she was entitled to damages, which were assessed.

The defendant moved to set aside the verdict and the judge made the following order: "The court sets aside the verdict upon the first issue in this cause as a matter of law and assigns as his reason therefor that there is not sufficient evidence appearing in the record to sustain the answer to said issue."

The plaintiff excepted and appealed.

*Johnson, Smathers & Rollins for plaintiff.*
*Merrimon, Adams & Adams for defendant.*

ADAMS, J. When the plaintiff in a civil action has introduced his evidence and rested his case the defendant may move for dismissal of the action, or for judgment as in case of nonsuit. If the motion is allowed the plaintiff may except and appeal; if it is not allowed the defendant may except, and if he introduces no evidence the jury shall pass upon the issues, and he may have the benefit of the latter exception on appeal. A motion for dismissal or for judgment of nonsuit made at the close of the plaintiff's evidence and not renewed at the close of all the evidence is waived. *Earnhardt v. Clement,* 137 N. C., 91; *Teal v. Templeton,* 149 N. C., 32; *Wooley v Bruton,* 184 N. C., 438; *Nowell v. Basnight,* 185 N. C., 142. Indeed, by introducing evidence a defendant waives the exception taken when the plaintiff rested his case. *Smith v. Pritchard,* 173 N. C., 720.

In this action the defendant not only introduced witnesses; she failed to renew her motion for nonsuit at the close of the evidence. We must, therefore, treat the appeal as if the defendant had made no motion to dismiss the action.

An objection that there is not sufficient evidence on an issue must ordinarily be made before verdict; it is too late after verdict first to question the sufficiency of the evidence. This is the uniform rule of practice. *Fagg v. Loan Association,* 113 N. C., 364; *S. v. Kiger,* 115

N. C., 746; *Holden v. Strickland,* 116 N. C., 185; *Sutton v. Walters,* 118 N. C., 495; *S. v. Harris,* 120 N. C., 577; *Hart v. Cannon,* 133 N. C., 10; *Mincey v. Construction Co.,* 191 N. C., 548. This may be assigned as one of the reasons why the plaintiff may not take a voluntary nonsuit after a verdict has been returned against him. C. S., 604.

Cogent reason for adhering to this practice is found in the provisions of section 567 of the Consolidated Statutes, under which the defendant in an action is given ample opportunity before verdict to question the adequacy of the evidence, and to present for decision and by exception to reserve for review all relevant questions of law. We have held that where issues are answered in favor of the plaintiff in an action for personal injury, the trial court, having denied a motion for nonsuit duly made in accordance with the statute, may not defeat the plaintiff's recovery by thereafter holding that there was no causal relation between the defendant's negligence and the plaintiff's injury *(Morgan v. Owen, ante,* 34); also that the trial court, after denying a motion for nonsuit and accepting a verdict in the plaintiff's favor, may not ordinarily set the verdict aside for want of evidence as a matter of law. *Godfrey v. Coach Co., ante,* 41.

In the present case the defendant waived her right to move before verdict that the action be dismissed for insufficiency of the evidence, and after the verdict was returned the judge was remitted to the exercise of his discretion on the question of vacating the verdict. In *S. v. Kiger, supra,* it is said that if the presiding judge is of opinion that the verdict is against the weight of the evidence, or that the evidence was insufficient, he is vested with the power to set aside the verdict and grant a new trial, and that the exercise of such power is a matter of discretion.

The cause is remanded to the end that such discretion be exercised and that further proceedings be had in accordance with this opinion.

Error and remanded.