C. O. PRICE, ADMINISTRATOR OF HULDA COOK, v. LIFE AND CASUALTY INSURANCE COMPANY OF TENNESSEE, INCORPORATED.

(Filed 4 March, 1931.)

**Trial G a—After court has refused to grant motion of nonsuit he may not set aside verdict for insufficiency of evidence as matter of law.**

Where the trial court has refused to grant the defendant's motion as of nonsuit, he may not set aside the verdict on the ground of the insufficiency of the evidence as a matter of law, and where he has done so the cause will be remanded for further proceedings, and in this case the appeal is thus disposed of although the trial court set aside the judgment but failed to set aside the verdict, the failure to set aside the verdict being due, perhaps, to inadvertence.

APPEAL by plaintiff from *Moore, Special Judge,* at December Special Term, 1930, of HALIFAX. Error and remanded.

*Allen C. Zollicoffer for plaintiff.*
*Parker & Allsbrook for defendant.*

ADAMS, J. This action was instituted by the plaintiff as administrator of Hulda Cook, deceased, to recover of the defendant one hundred and seventy-five dollars alleged to be due on a policy of insurance. At the close of the plaintiff's evidence the defendant moved for judgment of nonsuit, which was denied. The defendant excepted and declined to introduce evidence. The only issue was this: "What sum, if any, is the plaintiff entitled to recover of the defendant?" His Honor instructed the jury to answer the issue $175 if they found the facts to be as testified by the witnesses and shown by the documentary evidence. A verdict was returned and a judgment was rendered in favor of the plaintiff for this sum. Thereafter the defendant moved to set aside the verdict and judgment and his Honor, being of opinion that he had erred in denying the defendant's motion for nonsuit, set aside the judgment as a matter of law, and not as a matter of discretion. The plaintiff excepted and appealed.

Three facts appear from the order vacating the judgment: (1) Only the judgment is set aside; the verdict remains; (2) the ground upon which the judgment was vacated was the insufficiency of the plaintiff's evidence; (3) the judgment was declared void, not as a matter of discretion, but as a matter of law.

The appeal is intended to present the question whether the plaintiff's evidence is of enough probative value to sustain the verdict. As the reason for interfering with the judgment was the alleged insufficiency of the evidence, the failure to set aside the verdict was perhaps due to inadvertence. At any rate, the record presents the case of a verdict in favor of the plaintiff with no judgment upon the verdict.

The statute provides that when the plaintiff has introduced his evidence and rested his case, the defendant may move for dismissal of the action or for judgment as in case of nonsuit. If the motion is allowed the plaintiff may except and appeal; if denied, the defendant may except, and if he introduces no evidence the jury may pass upon the issues and the defendant shall have the benefit of his exception on appeal to the Supreme Court. If the motion of the defendant is refused he may waive his exception and introduce evidence, and after all the evidence is in he may again move for nonsuit or dismissal of the action. If, upon consideration of all the evidence the court refuses this motion he may except and have the benefit of his exception on appeal. C. S., 567.

In the interpretation of the statute this Court has held that the trial judge has no power to grant the defendant's motion to dismiss the action for insufficient evidence as a matter of law after the verdict has been returned. *Godfrey v. Coach Co., ante,* 41. "The judge has no power to extend the time by amending the statute so as to permit the motion to be made . . . after verdict." *Riley v. Stone,* 169 N. C., 421; *Nowell v. Basnight,* 185 N. C., 143. After verdict he is remitted, on this point, to the exercise of his discretion. *Lee v. Penland, ante,* 340.

While a motion to dismiss for insufficient evidence must be disposed of before verdict in the way the statute prescribes, a motion to set aside a verdict or judgment may be entertained for other errors of law committed during the trial, such, for example, as error in the admission or rejection of evidence or in the charge of the court to the jury. But in these and similar cases the error of law should be set out in the order.

If a verdict for the plaintiff is undisturbed and a final judgment is given for the defendant, a new trial will ordinarily be granted (*Morgan v. Owen, ante,* 34; *Jernigan v. Neighbors,* 195 N. C., 231); but if before verdict the judge refuses a motion to dismiss for want of adequate evidence under the statute and later, as a matter of law, sets aside a verdict returned on the evidence, on the ground that he deems the evidence in-

sufficient, the order will be reversed and the cause remanded for further proceedings. *Godfrey v. Coach Co., supra; Lee v. Penland, supra.*

In the present case his Honor denied the motion for nonsuit and signed a judgment on the verdict in behalf of the plaintiff. Afterwards he concluded that the evidence did not sustain the verdict and set aside the judgment. According to the decisions last cited the order will be vacated and the cause remanded for further proceedings.

This conclusion not only conforms to the antecedent construction of the statute; it tends to prevent the unnecessary multiplicity of appeals.

Error and remanded.