IN THE MATTER OF EVA R. BEAL.

(Filed 6 May, 1931.)

**Trial G a: Appeal and Error J b—No appeal will lie from action of trial court in setting aside verdict in his discretion.**

> Where the trial court sets aside the verdict as a matter within his discretion no appeal will lie therefrom, and in such cases it is not necessary that he should find the facts.

CIVIL ACTION, before *Small, J.,* at October Term, 1930, of GUILFORD.

*Sharp & Sharp for caveators.*
*Glidewell, Dunn & Gwyn for propounders.*

PER CURIAM. The question of law involved appears from the following findings of fact and judgment entered by the trial judge:

"This cause came on for trial, and during the progress of the trial, and before more than one witness had completed her testimony it was suggested to the court by counsel present, that the propounder to the will was represented by counsel, to wit, Senator P. W. Glidewell, of Reidsville; that the court had previously inquired if the propounder was represented by counsel, and was informed by counsel for the caveator that he knew of no counsel representing the propounder.

That, during the progress of the trial, and when the court was informed that Mr. Glidewell represented the propounder, the court informed counsel for the caveator of this fact and told counsel for the caveator that the court would allow him to proceed, but that if it after-

wards developed that the propounder was represented by counsel, that the court would probably set aside the verdict.

The court finds as a fact that P. W. Glidewell is a practicing attorney of Reidsville, North Carolina, and is a regular practicing attorney in the county of Guilford, and that said Glidewell had not received a copy of the calendar upon which the case was calendared for trial, and that said Glidewell appeared within about two hours after the verdict of the jury and made a motion to set aside the verdict, stating that he was the regularly retained counsel for the propounder. The court so found as a fact all of the above as stated, and set aside the verdict in the court's discretion, and refused to sign the judgment tendered by counsel for the caveator."

From the foregoing it appears that the judge set aside the verdict in his discretion. In such cases it is not necessary to find the facts, and the judgment is affirmed upon authority of *Bird v. Bradburn,* 131 N. C., 488; *Abernethy v. Yount,* 138 N. C., 337; *Likas v. Lackey,* 186 N. C., 398.

Affirmed.