SYLVESTER BRANTLEY v. J. S. COLLIE AND R. M. SANFORD, CO-PARTNERS, DOING BUSINESS UNDER THE NAME OF THE SERVICE WARE-HOUSE COMPANY, THE PLANTERS NATIONAL BANK AND TRUST COMPANY, AND P. H. COLLIE.

(Filed 11 October, 1933.)

**1. New Trial C b—**

The trial court has the power to set aside a verdict and order a new trial at any time during the term during which the action was tried. C. S., 591.

**2. Bills and Notes D a—**

The payee of a check may not hold the drawee bank liable thereon until the drawee bank has accepted the check. C. S., 3171.

**3. Contracts F a—Theory that third person for whose benefit contract is made may sue thereon held inapplicable to this case.**

Plaintiff alleged that the defendant bank entered into an agreement with defendant warehouseman whereby the bank agreed to pay all checks issued by the warehouseman in the course of his business for the season in consideration of the warehouseman's execution of a note with an endorser to cover any overdraft in the warehouseman's account, that plaintiff was issued a check by the warehouseman in the course of business, and that the bank refused to pay the check. *Held*, the bank's demurrer to the action was properly sustained. The case of *Gorrell v. Water Supply Co.*, 124 N. C., 328, cited and distinguished.

**4. Appeal and Error J g—**

Where, on appeal, an order sustaining a defendant's demurrer to the complaint is affirmed, such defendant's appeal from an order dismissing its cross-action against another defendant whom it seeks to hold liable only in the event recovery is had against it will also be affirmed.

APPEALS by plaintiff and defendant, the Planters National Bank and Trust Company, from *Parker, J.,* at April Term, 1933, of NASH. Affirmed in both appeals.

This is an action to recover of the defendants the sum of $568.33, the aggregate amount of seven checks, which are payable to the order of the plaintiff, and which were drawn during the month of December, 1931, by the defendants, J. S. Collie and R. M. Sanford, copartners, doing business under the name of the Service Warehouse Company, on the defendant, the Planters National Bank and Trust Company.

The checks were duly presented for payment by the plaintiff to the defendant, the Planters National Bank and Trust Company, which refused to pay the same. The checks had not been accepted by the said defendant. This action was begun on 24 May, 1932.

It is alleged in the complaint that prior to the issuance of the checks described therein, the defendant, the Planters National Bank and Trust Company, had contracted and agreed with the defendants, J. S. Collie and R. M. Sanford, copartners, doing business as the Service Warehouse Company, that it would pay all checks drawn during the tobacco selling season of 1931, by the Service Warehouse Company in connection with the operation of its business during said season; and that the checks described in the complaint were drawn and issued by the Service Warehouse Company in connection with the operation of its business during said season.

It is further alleged in the complaint that the defendants, J. S. Collie and R. M. Sanford, copartners, doing business under the name of the Service Warehouse Company had executed a note in the sum of $5,000, payable to the defendant, the Planters National Bank and Trust Company, and that said note was endorsed by the defendant, P. H. Collie. That said note had been deposited with the defendant, the Planters National Bank and Trust Company, as security for any overdraft in the account of the Service Warehouse Company with said Planters National Bank and Trust Company, during the tobacco selling season of 1931.

At the close of all the evidence at the trial, the defendant, P. H. Collie moved for judgment as of nonsuit on the cause of action alleged in the complaint against him. The motion was allowed, and the action was dismissed as to said defendant. The plaintiff did not except to or appeal from the judgment dismissing the action as to the defendant, P. H. Collie.

The said defendant, P. H. Collie, also moved for judgment as of nonsuit on the cause of action alleged against him, in the further answer of the defendant, the Planters National Bank and Trust Company. This motion was allowed, and the cross-action of the defendant, the Planters National Bank and Trust Company, against the defendant, P. H. Collie, was dismissed. The defendant, the Planters National Bank and Trust Company, excepted to and appealed from the judgment dismissing its cross-action against the defendant, P. H. Collie.

The issues arising upon the pleadings of the plaintiff and the defendant, the Planters National Bank and Trust Company, were submitted to the jury and answered as follows:

"1. Did the defendant bank contract and agree with the defendants J. S. Collie and R. M. Sanford, copartners, doing business under the name of the Service Warehouse Company, that said bank, for a valuable consideration, would pay all checks drawn upon it by the Service Warehouse Company in connection with the operation of its business during the tobacco selling season of 1931? Answer: Yes.

2. Were the checks declared upon in the complaint issued to the plaintiff by the Service Warehouse Company in connection with the operation of its business during the tobacco selling season of 1931? Answer: Yes.

3. If so, were the said checks returned unpaid by said defendant bank when presented for payment? Answer: Yes.

4. In what amount, if any, is defendant bank indebted to the plaintiff? Answer: $568.33, with interest."

After the issues had been answered, and the verdict returned by the jury, the defendant, the Planters National Bank and Trust Company, moved the court to set aside the verdict and order a new trial. The motion was allowed by the court in the exercise of its discretion. The defendant, the Planters National Bank and Trust Company then demurred *ore tenus* to the complaint on the ground that the facts stated therein are not sufficient to constitute a cause of action against said defendant. The demurrer was sustained, and the plaintiff excepted.

From judgment dismissing the action as to the defendant, the Planters National Bank and Trust Company, the plaintiff appealed to the Supreme Court.

*Cooley & Bone for plaintiff.*
*J. P. Bunn and Battle & Winslow for defendant, the Planters National Bank and Trust Company.*
*I. T. Valentine for defendant, P. H. Collie.*

CONNOR, J. The order of the court setting aside the verdict at the trial of this action, and ordering a new trial, is not reviewable by this Court. The order was made by the trial court in the exercise of its discretion. For that reason the plaintiff did not appeal from the order. In *Bird v. Bradburn,* 131 N. C., 488, 42 S. E., 936, it is said that the power of a trial court to set aside a verdict and to order a new trial, in its discretion, is inherent, and is necessary to the proper administration of justice, which is after all the function of a court. The power is recognized by statute (C. S., 591); its exercise at any time during the term at which the action was tried has been uniformly approved by this Court. *In re Beal,* 200 N. C., 754, 158 S. E., 388, *Likas v. Lackey,* 186 N. C., 398, 119 S. E., 763, *Cooper v. Clute,* 174 N. C., 366, 93 S. E., 915, *Abernethy v. Yount,* 138 N. C., 337, 50 S. E., 696.

After the verdict was set aside by the court in the exercise of its discretion, the defendant, the Planters National Bank and Trust Company, demurred *ore tenus* to the complaint on the ground that the facts stated therein are not sufficient to constitute a cause of action against said defendant. This demurrer was heard by the court, and after argument by counsel for both plaintiff and defendant was sustained.

The cause of action alleged in the complaint is founded upon certain checks described therein. These checks are payable to the order of the plaintiff, and were drawn on the defendant, the Planters National Bank and Trust Company. It is alleged that the checks were duly presented by the plaintiff to the defendant, for payment, and that upon such presentment payment was refused. It is not alleged that the defendant had accepted the checks, and thereby become liable to plaintiff as the holder of the checks. C. S., 3171.

It is well settled as the law that the payee or other holder of a check, which has not been accepted or certified by the drawee bank cannot maintain an action to recover of said bank the amount of the check. 7 C. J., 698. In *Bank v. Bank,* 118 N. C., 783, 24 S. E., 524, it is said that the holder of a check cannot maintain an action against the bank upon which the check is drawn, until after the acceptance of the check by the bank. In the opinion in that case, it is said: "This is the uniform line of decisions in the Federal Courts and our own, and it is sustained by the overwhelming weight of authority in other courts, though there are a few decisions in other states to the contrary. The bank is the agent of the drawer; till acceptance of the check, it has assumed no liability to the payee; its liability, if any, is to the drawer whose checks it has agreed to pay, if it has the drawer's funds in hand, and for breach of that contract, it is liable to the drawer, and not to the payee."

This well settled principle is applicable to the instant case, and fully supports the judgment dismissing the action as to the defendant, the Planters National Bank and Trust Company. It is not necessary to decide the question discussed by counsel in their briefs filed in this Court as to whether the contract alleged in the complaint between the defendant, the Planters National Bank and Trust Company, and the defendants, J. S. Collie and R. M. Sanford, copartners, doing business under the name of the Service Warehouse Company, is valid or not. Conceding that the contract is valid as between these defendants, it does not follow that the plaintiff can recover of the defendant, the Planters National Bank and Trust Company on the principle of *Gorrell v. Water Supply Co.,* 124 N. C., 328, 32 S. E., 720. That case is readily distinguishable from the instant case. Neither *Ballard v. Bank,* 91 Kan., 91, 136 Pac., 935, nor *Saylors v. Bank,* 99 Kan., 515, 163 Pac., 454, are authorities in support of the contention of the plaintiff in this case. In both these cases, the drawee bank was interested in the livestock which the drawer of the check had purchased from the holder.

As the judgment in the appeal of the plaintiff must be affirmed, it follows that the judgment in the appeal of the defendant, the Planters National Bank and Trust Company, must also be affirmed. The plaintiff is not entitled to recover in this action of either the defendant, the

Planters National Bank and Trust Company, or the defendant, P. H. Collie. The judgment dismissing the action as to the defendant, the planters National Bank and Trust Company, and the judgment dismissing the cross-action of said defendant against the defendant, P. H. Collie, are both
    Affirmed.