### EDNA M. COOK v. J. PORTER STEDMAN.

(Filed 15 June, 1936.)

**Automobiles E a—**

In order for the owner of an automobile to be held liable for injury inflicted by a person to whom he had loaned the car, the injured person must show, in addition to the fact of ownership, that the person to whom the car was loaned was reckless and incompetent, and that the owner had knowledge of this fact.

APPEAL by plaintiff from *Clement, J.,* at February Term, 1936, of FORSYTH. Affirmed.

Action for damages for personal injury, alleged to have been caused by the negligence of the defendant in the operation of his automobile by an incompetent driver to whom it had been loaned.

At the conclusion of the plaintiff's evidence, motion for judgment of nonsuit was sustained, and from judgment in accordance with this ruling, plaintiff appealed.

*E. E. Risner, John C. Wallace, and Parrish & Deal for plaintiff.*
*Hutchins & Parker for defendant.*

PER CURIAM. The only ground upon which plaintiff seeks to impose liability upon the defendant, the owner of the automobile, is the incompetency of the driver to whom it was loaned.

It is well settled that liability does not arise from mere ownership of an automobile, nor can it be based solely on the danger of the machine. The burden was on the plaintiff to show, in addition to the fact of ownership, that the car was loaned to a reckless and incompetent driver, and that the incompetency of the driver was known to the owner. Huddy on Automobiles, 795-797, 838; *Taylor v. Caudle, ante,* 60; *Linville v. Nissen,* 162 N. C., 95.

The only pertinent evidence offered by the plaintiff on this point was: (1) The admission in the answer that the automobile "had been loaned to Lybrook" (the driver); (2) the statement by the defendant that "he had asked his wife not to let the boy have the car. He didn't say why"; (3) the testimony of witness Orrell, a resident of Davie County: "His general reputation as driver of automobiles is reckless, careless, and dangerous. . . . He had the general reputation I stated, ever since he has been in Davie County, ever since 1927, since his father moved over there to Davie County." The defendant and his wife live in Forsyth County, in the city of Winston-Salem. There was no evidence of any instance of recklessness or incompetency on the part of Lybrook.

We conclude that the evidence offered is insufficient to impose liability on the defendant, the owner of the automobile, for the negligence of the driver in its operation on the occasion alleged.

Judgment of nonsuit is

Affirmed.