ROSA WATKINS v. CLARENCE GRIER, Trading as ROSETTA TAXI COMPANY.

(Filed 24 May, 1944.)

**1. Trial §§ 21, 51—**

Where a trial court has refused to grant motions of nonsuit made under G. S., 1-183, it is error for such trial court to set aside the verdict for insufficiency of evidence as a matter of law.

**2. Trial § 51—**

The trial judge has the discretionary power, during the term at which the case is tried, to set aside a verdict and to order a new trial.

**3. Appeal and Error § 47—**

When a municipal court has erred in setting aside a verdict as a matter of law and its action, on appeal to the Superior Court, is affirmed, on appeal to this Court the usual practice would be to send the case back to the Superior Court to be remanded to the municipal court for judgment on the verdict; but the ends of justice requiring it, the verdict in this case is set aside and a new trial is ordered, so that the cause may be developed in accordance with the usual course and practice.

**4. Appeal and Error § 20—**

Appeals in civil actions may be taken from judgments of the municipal court of High Point to the Superior Court of Guilford County, for errors in matters of law, in the same manner as appeals from the Superior Court to the Supreme Court. Public-Local Laws 1927, ch. 699, sec. 5, subsec. (j). And attention is called to Rule 19, subsec. 3, of Rules of Practice in the Supreme Court, so that in such cases confusion may be avoided in the transcript to this Court by a separate grouping of exceptions presented on such appeals.

**5. Appeal and Error § 3a—**

Only the party aggrieved may appeal from the Superior Court to the Supreme Court. G. S., 1-271.

BARNHILL, J., concurring.

APPEAL by plaintiff from *Phillips, J.,* at 10 April, 1943, Term, of GUILFORD.

Civil action instituted in the municipal court of the city of High Point to recover for personal injuries allegedly sustained as result of actionable negligence of defendant.

Plaintiff, in complaint filed, alleges that she suffered serious and permanent personal injuries on 13 February, 1942, as proximate result of the negligence of agent of defendant in the operation of defendant's taxicab in which she was riding as a passenger—all to her damage in large sum.

Defendant in answer filed denies the material allegations of the complaint, and by way of further answer and defense avers that plaintiff, acting under the advice of her attorney, and for a specific valuable consideration "executed and delivered to persons other than this defendant a release . . . in full, complete and final settlement of all damages sustained" by her, which release is pleaded as an estoppel upon her bringing this action, and as a bar of her right to recover herein.

In reply plaintiff denies the averments in further answer of defendant, and alleges that, if defendant or any other person has a release of any kind signed by plaintiff, (1) the same was obtained by fraud and undue influence, and without substantial consideration, and (2) she did not have sufficient mental capacity at the time of signing it to understand the nature and effect of it.

Upon the trial in the municipal court of the city of High Point defendant moved for judgment as in case of nonsuit when plaintiff first rested her case, and renewed the motion at the close of all the evidence. Both motions were overruled, and defendant excepted to each ruling. The case was submitted to the jury on these issues:

"1. Did the plaintiff execute the paper-writing as alleged by the defendant in his answer?

"2. If the said paper-writing was executed and delivered as alleged in the answer, was the same procured by fraud or undue influence by the defendant, as alleged by the plaintiff?

"3. Was the plaintiff injured by the negligence of the defendant as alleged in the complaint?

"4. What damage has plaintiff sustained?"

The parties agreed that the court might answer the first issue "Yes." The jury answered the second and third issues "Yes," and assessed damages in answer to fourth issue.

Thereupon, defendant moved to set aside the verdict as to the second issue upon the ground that there is no sufficient evidence in that respect for submission to the jury. And the court, as a matter of law, set aside the verdict as to this second issue, to which ruling plaintiff excepted.

Plaintiff then moved for a new trial. The motion was overruled, and plaintiff excepted.

Thereupon the court entered judgment in which, after reciting among other things that "it further appearing to the court that the answer to the second issue is erroneous as a matter of law and that there is no evidence of fraud on the part of the defendant," it is adjudged "that the answer to the second issue be set aside as a matter of law, and that the plaintiff have and recover nothing of the defendant." To the signing of the judgment both plaintiff and defendant excepted and gave notice of appeal to Superior Court of Guilford County. On such appeal (1) plaintiff assigned as error, among others, the ruling of the municipal court of the city of High Point, in setting aside the verdict as to the second issue, and in thereupon entering judgment of nonsuit, and in refusing to submit an issue which she tendered as to whether at the time she executed the release she had sufficient mental capacity to understand its nature and effect; and (2) defendant assigned as error the refusal of the municipal court to grant his motions for judgment as in case of nonsuit made when plaintiff first rested her case and renewed at close of all the evidence.

Upon hearing on such appeal, the court (1) "overruled each and every objection and exception of plaintiff," (2) refused motion of plaintiff to dismiss the appeal of defendant, and (3) sustained defendant's exceptions to the refusal of the municipal court of the city of High Point to allow motions of defendant for judgment as of nonsuit—made when plaintiff first rested her case and renewed at close of all the evidence, and entered judgment affirming the judgment of the municipal court of the city of High Point, and dismissing the action. Plaintiff excepts to each of the rulings of the judge of Superior Court, and to the judgment and appeals therefrom to Supreme Court, and assigns error.

*C. A. York and Walser & Wright for plaintiff, appellant.*
*Gold, McAnally & Gold for defendant, appellee.*

WINBORNE, J. Assignments of error of plaintiff appellant based upon exceptions to the rulings of the judge of Superior Court in overruling plaintiff's assignments of error based upon exceptions to the rulings of the judge of municipal court of the city of High Point setting aside the verdict of the jury as to the second issue for insufficiency of evidence to support it, as a matter of law, and then entering judgment as of nonsuit are well taken.

In the act giving civil jurisdiction to the municipal court of the city of High Point, Public-Local Laws 1927, chapter 699, amending Public-Local Laws 1913, chapter 569, by which the court was created, the

General Assembly provided in section 5 that the rules of practice as required by law in the Superior Court for the trial of all causes shall apply to said municipal court, subsection (m); and that the procedure of the municipal court, except as otherwise therein prescribed, shall follow the rules and principles laid down in the chapter on civil procedure in the Consolidated Statutes and the amendments thereto in so far as the same may be adapted to the needs and requirements of the said municipal court, subsection (r).

Among the rules of practice laid down in the chapter on civil procedure in the Consolidated Statutes is C. S., 567, now G. S., 1-183, relating to motions for nonsuit. In construing and applying this section this Court has held it to be the uniform practice that where a trial court has refused to grant motions of nonsuit made under this statute, it is error for it to set aside verdict for insufficiency of evidence as a matter of law, *Riley v. Stone,* 169 N. C., 421, 86 S. E., 348; *Jernigan v. Neighbors,* 195 N. C., 231, 141 S. E., 586; *Godfrey v. Coach Co.,* 200 N. C., 41, 156 S. E., 139; *Lee v. Penland,* 200 N. C., 340, 157 S. E., 31; *Price v. Ins. Co.,* 200 N. C., 427, 157 S. E., 132; see also *Bruton v. Light Co.,* 217 N. C., 1, 6 S. E. (2d), 822.

The trial judge, however, has the discretionary power during the term at which a cause is tried to set aside a verdict and to order a new trial. G. S., 1-207, formerly C. S., 591. *Brantley v. Collie,* 205 N. C., 229, 171 S. E., 88, and numerous other cases. In this connection, terms of the municipal court of the city of High Point for the trial of cases by jury are for two weeks, each beginning on the first Monday of each month. The term at which the present case was tried having expired, the trial court may not now as a matter of discretion set aside the verdict.

Hence, the municipal court of the city of High Point having erred in setting aside the verdict as a matter of law, and the action of the court in that respect having been affirmed by the Superior Court on appeal thereto, and exception to the ruling of the Superior Court having been presented on appeal to this Court, the usual practice would be to send the case back to the Superior Court to be remanded to the municipal court for judgment on the verdict rendered. Then the defendant, as the party aggrieved, would have the right to appeal to the Superior Court, in its appellate capacity, and the case would go up to the Superior Court upon the record and proceedings had in the municipal court, for hearing only upon assignments of error in matters of law preserved, assigned and relied upon by him.

We are of opinion, however, that the ends of justice require that the verdict be set aside and a new trial be had, in which the whole case may be developed in accordance with the usual course and practice. *Jernigan v. Neighbors, supra.*

As the case must be retried in the municipal court, it is not amiss to call attention to the provision of the statute, Public-Local Laws 1927, chapter 699, section 5, subsection (j), that appeals may be taken in civil actions by either plaintiff or defendant from judgments of municipal court of the city of High Point to the Superior Court of Guilford County in term time for errors assigned in matters of law in the same manner and under the same requirements as are now provided by law for appeals from the Superior Court to the Supreme Court. And, in preparing the transcripts of records on appeal, attention is called to Rule 19, subsection 3, of the Rules of Practice in the Supreme Court. 221 N. C., 544. See also *Jenkins v. Castelloe,* 208 N. C., 406, 181 S. E., 266. Any confusion there is in the transcript of the case on appeal to this Court, arises upon the merging of the proceedings in the trial in the municipal court of the city of High Point with the proceedings had on appeal to Superior Court, without separate grouping of exceptions presented on such appeal.

Moreover, it is provided by statute, G. S., 1-271, formerly C. S., 632, that any party aggrieved may appeal to the Supreme Court from judgment of the Superior Court. In the present case the defendant was not the party aggrieved by the judgment of the municipal court of the city of High Point. Hence, the appeal by defendant from that court to the Superior Court should have been dismissed.

Error and remanded.

BARNHILL, J., concurring: The trial judge has authority to set aside a verdict as a matter of law for errors committed during the progress of the trial and thus save the expense and delay incident to an appeal—except when the error was in overruling the motion to dismiss as in case of nonsuit. In this one instance he is not permitted to change his ruling although fully convinced he ruled incorrectly in the first instance.

The majority opinion is in accord with the decisions establishing this exception to the general rule. The Court is not disposed to abolish the exception. As the opinion is in accord with the law as now written, I concur.

In so doing, I wish to express the view that there is no sound reason to support the exception to the general rule. An order setting aside the verdict as a matter of law for that the court erred in overruling the motion to nonsuit presents a question of law only and provides a ready method of obtaining a final decision of the controversy. If the order setting aside the verdict is sustained the case is ended. If overruled, there is a verdict of record to support a judgment. If plaintiff has failed to offer sufficient evidence to support a verdict he is not hurt. If defendant makes the motion he elects to rest his case on that one ques-

tion, so he cannot be heard to complain that the procedure deprives him of the benefit of other exceptions.

The exception to the general rule leaves us with this anomaly. The trial judge, being convinced there is no sufficient evidence to support the verdict, may set aside the verdict in the exercise of his discretion. But he cannot, as a matter of law, correct a patent error of which he, upon reflection, has become fully aware.

The error, if any, in overruling motion to nonsuit is an error committed in the progress of the trial. The general rule governing the authority of the trial judge in such matters should apply.