OTIS E. ROBERTS v. ARTHUR E. HILL, HENRY N. FOSTER, JR., ELSIE MAE MILLER, AND BOBBY HILL.

(Filed 4 June, 1954.)

**1. Parties § 12—**

Where the complaint makes no allegations against one of the parties named in the captions of the summons and complaint as a defendant, the name of such party is mere surplusage and should be stricken.

**2. Automobiles § 23b: Trial § 37—**

Where plaintiff seeks to recover of one defendant solely upon the theory that such defendant had control of an automobile and permitted another to drive with knowledge that such other was an incompetent and reckless driver, the issue of *respondeat superior* does not arise upon the pleadings and evidence and should not be submitted to the jury.

**3. Automobiles § 23b—**

Where the owner of an automobile hires or lends it to another, knowing that such other is an incompetent and reckless driver and likely to cause injury to others in its use, the owner is liable for injuries caused by the borrower's negligence, not under the doctrine of imputed negligence, but on the ground of his personal negligence in entrusting the automobile to one he knows is apt to cause injury, and therefore whether the relationship of employer and employee exists between the owner and driver at the time the injuries are inflicted is irrelevant to this theory of liability.

**4. Same: Automobiles § 24½ (e)—G.S. 20-71.1 does not raise presumption that incompetent driver was operating car with knowledge and permission of owner.**

The purpose of G.S. 20-71.1 is to establish a ready means of proving agency in cases in which it is charged that the negligence of a nonowner-operator caused damage to property or injury to the person of another, and therefore where plaintiff seeks to hold one of defendants liable on the theory that such defendant, as manager of a used car lot, permitted an employee who was known to him to be an incompetent and reckless driver to operate the car, but does not seek recovery on the doctrine of *respondeat superior*, the statute cannot have the effect of supplying plaintiff's lack of evidence that the defendant manager permitted the employee to use the car or had any knowledge of the employee's reputation as a reckless driver.

**5. Automobiles §§ 23b, 24a—**

Where there is no evidence that the manager of a used car lot permitted an employee to drive one of the cars or had any knowledge of such employee's reputation as a reckless and incompetent driver, the defendant owner of the business cannot be held liable under the doctrine of imputed negligence.

**6. Trial § 51—**

A motion to set aside the verdict on the ground of insufficient evidence presents a question of law identical with that presented by motion for involuntary nonsuit, which is whether the evidence is lacking in sufficient probative force to require its submission to a jury, and the court having denied motion to dismiss as in case of nonsuit, is without authority after verdict to set it aside for insufficiency of the evidence.

**7. Same—**

The court may set aside the verdict as a matter of law for errors of law committed during the trial, in which case he should specify in his order the error of law which prompts his action.

**8. Trial § 49—**

A motion to set aside the verdict on the ground that it is contrary to the greater weight of the evidence, as distinguished from a motion to set it aside for insufficiency of the evidence, is addressed to the court's discretion, and the court has the discretionary power to set the verdict aside on this ground to prevent injustice notwithstanding the evidence be sufficient to require the submission of the issue to the jury, and the court's determination of such motion is not reviewable.

**9. Appeal and Error § 38—**

The action of the court in setting aside the verdict as a matter of law will be presumed correct, and where the record fails to show upon what matter of law the court acted, no error is made to appear.

**10. Appeal and Error § 50—**

Where it is impossible to determine from the record whether the court below set aside the verdict as to one of defendants for insufficiency of the evidence, which the court had no power to do, or whether the court set aside the verdict as contrary to the greater weight of the evidence in the

exercise of its discretion, which order is not reviewable, the cause will be remanded for a new trial.

APPEAL by plaintiff from *Gwyn, J.,* February Term 1954, FORSYTH.

Civil action to recover compensation for personal injuries and property damage resulting from the collision of two automobiles.

In December 1952 defendant Bobby Hill was engaged in the business of selling secondhand or used automobiles under the business or trade name of Broad Street Motors. Defendant Arthur E. Hill was manager in active charge of the business. Defendant Henry N. Foster, Jr., was an employee.

On Saturday night, 13 December 1952, there was stored on the lot used for that purpose by Bobby Hill a 1946 Chevrolet automobile. The keys thereto were in the office maintained in connection with the business. About 6 :00 p.m. Arthur Hill locked the door to the office and left. Foster was required to open the office for business each morning and carried a key to the office. On Sunday morning, 14 December 1952, Arthur Hill discovered that the Chevrolet was not on the lot. He later learned that it had been involved in a wreck on U. S. Highway 52 about 12 :45 a.m. while it was being operated by Foster. The plaintiff's automobile, being operated by his wife, and the Chevrolet had collided, and plaintiff received injuries to his person, and his automobile was badly damaged.

There is evidence that the negligence of Foster was the proximate cause of the collision and the resulting injuries suffered by plaintiff, and that Bobby Hill knew that Foster had lost his driver's license.

As to Arthur Hill, the plaintiff alleges :

"He knowingly entrusted the aforesaid 1946 Chevrolet automobile to the care of the defendant, Henry N. Foster, Jr., although he well knew that the said Henry N. Foster, Jr., was irresponsible and incompetent to be entrusted with the care and operation of a motor vehicle, and that he well knew, or in the exercise of ordinary care, should have known that serious bodily injury to others and great damage to the property of others would be a likely and probable result if he permitted the defendant, Henry N. Foster, Jr. to have the use of said automobile."

The allegation of negligence on the part of Bobby Hill is as follows :

"That in all of the foregoing acts the defendant, Arthur E. Hill, was acting in behalf of his employer, the said Bobby Hill, as agent of said defendant, Bobby Hill, trading as Broad Street Motors, and within the scope of said agency and within the scope of his employment as manager of the business of said defendant, Bobby Hill, trading as Broad Street Motors."

At the conclusion of plaintiff's evidence in chief, the action was dismissed as to Arthur Hill as in case of involuntary nonsuit. Bobby Hill

then offered evidence tending to show that Foster was not permitted to operate any vehicle belonging to the business, even when he was on duty; that Arthur Hill had been instructed "not to let anyone take a car off that lot, not even demonstrating;" that signs were posted in the office to that effect; and that neither one of the Hills gave Foster permission to use the Chevrolet. He likewise offered evidence tending to show that Foster surreptitiously obtained the keys and took the Chevrolet from the lot during the nighttime, after the office was closed and locked, on the afternoon preceding the wreck, without the knowledge, consent, or approval of either Arthur or Bobby Hill, in violation of G.S. 20-105; and that Foster was on a mission of his own at the time of the collision.

In rebuttal, plaintiff offered evidence that Foster has a long criminal record including various violations of the motor vehicle traffic laws. This evidence was excluded as to Bobby Hill.

While Bobby Hill, at the conclusion of the testimony, renewed his motion for judgment as in case of involuntary nonsuit, he did not except to the denial of the motion.

Issues were submitted to and answered by the jury as follows:

"1. Was the plaintiff Otis E. Roberts injured and damaged by the negligence of the defendant Henry N. Foster, Jr., as alleged in the complaint? Answer: Yes.

"2. At the time of the alleged injury was the defendant Henry N. Foster, Jr., the agent of the defendant Bobby Hill and as such acting within the scope of his employment? Answer: No.

"3. Was the plaintiff Otis E. Roberts injured and damaged by the negligence of the defendant Bobby Hill as alleged? Answer: Yes.

"4. What amount, if any, is the plaintiff entitled to recover?

"(a) for personal injury? Answer: $3,000.00

"(b) for property damage? Answer: $1,000.00."

Upon the rendition of the verdict the plaintiff tendered judgment thereon. The court declined to sign the same and plaintiff excepted. The court then entered judgment:

"That the verdict rendered by the jury in the above entitled case as it relates to Bobby Hill be, and the same is hereby set aside and a new trial ordered as to the said Bobby Hill.

"That the plaintiff recover judgment against the defendant Henry N. Foster, Jr. in the sum of $4,000 . . ."

Plaintiff excepted and appealed.

*Johnson & Randolph for plaintiff appellant.*
*Spry & White for defendant appellees.*

BARNHILL, C. J.   The plaintiff makes no allegation against the defendant Elsie Mae Miller.   No reference is made to her in the body of the complaint.   Therefore, her name, appearing in the captions of the summons and pleadings as a defendant, is mere surplusage.   It should be stricken so as to keep the record straight.

While plaintiff alleges that defendant Foster was an employee of Bobby Hill, he neither alleged in his complaint nor attempted to prove at the trial that Foster, at the time of the collision, was then about his master's business so as to render the defendants, or either of them, liable under the doctrine of *respondeat superior* for his negligent operation of the Chevrolet.

The plaintiff states in his brief filed in this Court that "the complaint sets forth a cause of action against the defendant Arthur E. Hill for negligently entrusting to an incompetent person the care and operation of a motor vehicle.   The basis of liability of this defendant is NOT predicated upon the theory of *respondeat superior,* that is, upon the theory that Foster was the agent of the defendant, Arthur E. Hill.   It is based upon the negligent act in entrusting the automobile to one whom the defendant knows, or by the exercise of ordinary care should have known, would be likely to cause injury to others on account of the use of said automobile."

His counsel made a similar statement in the course of the oral argument in this Court.   Thus, it appears that neither the pleadings nor the evidence raises the issue of fact incorporated in the second issue.   It should not have been submitted to the jury.   Even so, the answer thereto puts at rest the question of the applicability of G.S. 20-71.1.

Plaintiff's cause of action, as set forth in his complaint, is not bottomed on the master-servant relationship as between Foster and the Hills. It is bottomed on an entirely different and independent rule of the law of negligence.

Where the owner of an automobile hires or lends it to another, knowing that the latter is an incompetent, careless or reckless driver and likely to cause injury to others in its use, the owner is liable for injuries caused by the borrower's negligence, on the ground of his personal negligence in entrusting the automobile to one who he knows is apt to cause injury to another in its use.   *Bogen v. Bogen,* 220 N.C. 648, 18 S.E. 2d 162.

When the owner of a motor vehicle lets or loans his automobile to a person known to him to be an incompetent, careless or reckless driver, he does so at his own peril and is liable for any resulting injury or damage proximately caused by the negligence of the bailee.   *Bogen v. Bogen, supra,* and cases cited.

Under this doctrine, the liability of the owner of a motor vehicle is made to rest upon proof of (1) ownership of the automobile, (2) the incompetency, or habitual carelessness or recklessness of the bailee to

whom its operation is entrusted to operate it properly and safely, (3) the owner's timely knowledge of such incompetency, carelessness or recklessness, and (4) injury to a third person resulting proximately from the negligence, incompetency or recklessness of the bailee. *Bogen v. Bogen, supra.*

While the party injured must prove that the injuries to his person or damage to his property proximately resulted from the negligence of the bailee-driver, the owner is not held liable under the doctrine of imputed negligence but for his independent and wrongful breach of duty in entrusting his automobile to one who he knows or should know is likely to cause injury. *Bogen v. Bogen, supra; Taylor v. Caudle,* 210 N.C. 60, 185 S.E. 446; *Cook v. Stedman,* 210 N.C. 345, 186 S.E. 317; *Heath v. Kirkman, ante,* p. 303; *McIlroy v. Motor Lines,* 229 N.C. 509, 50 S.E. 2d 530. Proof of negligence of the bailee-driver merely furnishes the causal connection between the primary negligence of the owner and the injury or damage.

The owner is held liable for his own negligence and not for the negligence of his agent or employee. Hence proof that the employer-employee relationship existed between the owner and the driver at the very time the injuries were inflicted is not required. See Anno. 36 A.L.R. 1148, 68 A.L.R. 1013, and 100 A.L.R. 923.

At the time plaintiff rested his case there was not a scintilla of evidence tending to show that Arthur Hill permitted Foster to use the Chevrolet, or that he had any knowledge of Foster's reputation as a reckless driver and a frequent violator of the motor vehicle traffic laws, or that he is liable under the doctrine of *respondeat superior.*

But plaintiff earnestly contends that G.S. 20-71.1 is applicable in a case bottomed on the negligence alleged in the complaint as well as in cases where plaintiff relies on the doctrine of imputed negligence, and that it furnishes the missing link in his evidence. He asserts that the provisions of the Act should be extended to embrace an admitted agent who "had full custody of the lot" and complete control over the automobiles, including the right to permit others to operate them. In short, he contends that the statute makes out for him a *prima facie* showing that Foster was operating the Chevrolet at the time of the collision "with the authority, consent and knowledge of" both of the Hills.

These arguments advanced by counsel for plaintiff evidence a careful study of the Act, G.S. 20-71.1, in an attempt to give it a sound and logical construction which would embrace an authorized agent within the word "owner" as used in the Act.

But we find ourselves unable to concur. A careful consideration of the original Act, ch. 494, S.L. 1951 (of which G.S. 20-71.1 is a codification), including its caption, leads us to the conclusion that it was designed and

intended to apply, and does apply, only in those cases where the plaintiff seeks to hold an owner liable for the negligence of a nonowner operator under the doctrine of *respondeat superior.* "Its purpose is to establish a ready means of proving agency in any case where it is charged that the negligence of a nonowner operator causes damage to the property or injury to the person of another. *Travis v. Duckworth,* 237 N.C. 471, 75 S.E. 2d 309. *It does not and was not intended to have any other force or effect." Hartley v. Smith,* 239 N.C. 170. (Emphasis added.) This language appearing in the *Hartley case* was used advisedly. We adhere to what is there said.

It is not here alleged that Foster was operating the vehicle "within the course and scope of his employment." G.S. 20-71.1. Hence the statute has no application to the cause of action alleged or to the facts disclosed by this record. The judgment dismissing the action as to Arthur Hill must be affirmed.

There is neither allegation nor evidence that Bobby Hill entrusted the Chevrolet to Foster. It is alleged instead that Arthur Hill as agent of Bobby Hill committed the act of negligence relied on by plaintiff. It was judicially determined in the court below that the evidence offered is not such as would require the submission of any issue of negligence as against Arthur Hill, and we affirm. That being true, there was no negligence on the part of the agent to be imputed to the master or principal.

Here again, however, the plaintiff seeks to invoke the provisions of G.S. 20-71.1. But the court below set aside the verdict as against Bobby Hill. For that reason the question thus raised is not before us for decision. Even so, we may assume that when this cause comes on for rehearing, the presiding judge will take note of our disposition of the same question raised on the appeal as against Arthur Hill.

The act of negligence alleged by plaintiff under the doctrine of negligence relied on by him is primary and personal to the owner. Whether it may be committed by proxy is likewise a question we must, for the same reason, leave open for decision until it is properly presented.

The merits of plaintiff's exception to the order of the court below setting aside the verdict as to the defendant Bobby Hill is the one and only question presented for authoritative decision as it relates to him. On this question the record is somewhat ambiguous. ·

This defendant moved to set aside the verdict for that it "was against the greater weight of the evidence and that there was not sufficient evidence to support a verdict against the said defendant Bobby Hill." The court, "being of the opinion that the defendant Bobby Hill was entitled to have the verdict set aside as a matter of law and that the motion should be sustained," granted the motion. The foregoing is set forth in the preliminary recitals contained in the judgment. In the body of the

adjudication the court set the verdict aside and ordered a new trial without stating whether it did so as a matter of law or in its discretion.

Did the court set the verdict aside for the reason the evidence was insufficient or because it was against the greater weight of the evidence? If the order was based on some error the court conceived it had committed during the progress of the trial, what was the error? In other words, what was the "matter of law" which prompted the court to vacate the verdict? On this record we are unable to answer any one of these questions with any degree of satisfaction. We shall, therefore, assume the court set the verdict aside as a matter of law.

In relation to a motion to set aside a verdict, there is a very distinct and vital difference between the terms "insufficiency of the evidence" and "against the greater weight of the evidence."

"Insufficient evidence" means evidence lacking in sufficient probative force to require its submission to a jury. Therefore, a motion based on the alleged insufficiency of the evidence again raises the identical question of law which was decided on the motion to nonsuit. Having denied a motion to dismiss an action as in case of nonsuit, the judge is without authority, after verdict, to set the verdict aside, as a matter of law, for that the evidence is insufficient to support a verdict in favor of the plaintiff. *Mewborn v. Smith,* 200 N.C. 532, 157 S.E. 795; *Lee v. Penland,* 200 N.C. 340, 157 S.E. 31; *Price v. Insurance Co.,* 200 N.C. 427, 157 S.E. 132; *Batson v. Laundry Co.,* 202 N.C. 560, 163 S.E. 600.

Motion to dismiss for insufficient evidence must be disposed of before verdict. *Bruton v. Light Co.,* 217 N.C. 1, 6 S.E. 2d 822. After verdict the judge is limited, on this point, to the exercise of his discretion. *Lee v. Penland, supra; Mewborn v. Smith, supra.* In addition, he may set aside the verdict as a matter of law for errors of law committed during the trial, *Mewborn v. Smith, supra,* in which case he should specify in his order the error of law which prompts his action.

Even though there is sufficient evidence to require its submission to a jury, it may be that in the opinion of the presiding judge the evidence offered by the defendant has greater probative force than does that offered by the plaintiff—that the verdict is against the greater weight of the evidence—and that to let the verdict stand would work an injustice. He is therefore vested with the discretionary authority to set aside a verdict and order a new trial whenever in his opinion the verdict is contrary to the greater weight of the credible testimony. As a motion to set aside a verdict for that it is against the greater weight of the evidence requires his appraisal of the testimony, it necessarily invokes the exercise of his discretion. It raises no question of law, and his ruling thereon is irreviewable. *Anderson v. Morris,* 203 N.C. 577, 166 S.E. 527; *Query v. Insurance Co.,* 218 N.C. 386, 11 S.E. 2d 139; *King v. Byrd,* 229 N.C. 177,

47 S.E. 2d 856; *Trust Co. v. Ellen,* 163 N.C. 45, 79 S.E. 263; *Riley v. Stone,* 169 N.C. 421, 86 S.E. 348; *Goodman v. Goodman,* 201 N.C. 808, 161 S.E. 686; *Brink v. Black,* 74 N.C. 329.

"When a Judge presiding at a trial below grants or refuses to grant a new trial because of some question of 'law or legal inference' which he decides, and either party is dissatisfied with his decision of that matter of law or legal inference, his decision may be appealed from, and we may review it. But when he is of the opinion that, considering the number of witnesses, their intelligence, their opportunity of knowing the truth, their character, their behavior on the examination, and all the circumstances on both sides, the weight of the evidence is clearly on one side, how is it practicable that we can review it, unless we had the same advantages? And even if we had, we cannot try facts. *Vest v. Cooper,* 68 N.C. 132; *Watts v. Bell,* 71 N.C. 405." *Brink v. Black, supra; Goodman v. Goodman, supra.*

Furthermore, "an exception to an order setting aside a verdict as a matter of law cannot be sustained unless error is shown, because the order is presumed to be correct." *Godfrey v. Coach Co.,* 200 N.C. 41, 156 S.E. 139. Since the record fails to disclose with any degree of satisfaction upon what matter of law the court below acted, no error is made to appear.

If the court set aside the verdict for the insufficiency of the evidence, it was without authority to do so. If he considered the verdict against the greater weight of the evidence, and for that reason set it aside, he was exercising his irreviewable discretion however his action may be labeled in the motion and judgment.

As we are unable to determine from this record the exact basis of the court's action, we deem it advisable to vacate the verdict as to Bobby Hill and remand the cause for a new trial as was done in *Godfrey v. Coach Co., supra,* and *Watkins v. Grier,* 224 N.C. 334, 30 S.E. 2d 219, and like cases.

This disposition of the appeal as against this defendant gives plaintiff no just cause to complain. His action should have been dismissed. Here he is still in court and has an opportunity to "mend his licks" if he can discover additional evidence.

We call attention to the fact that while the court sustained the motion of Arthur Hill for judgment of involuntary nonsuit, no formal judgment dismissing the action as to him appears of record.

As to defendant Arthur E. Hill—affirmed.

As to defendant Bobby Hill—new trial.